Elmer L. HALL, Appellant,

v.

UNITED STATES CIVIL SERVICE COMMISSION et al.

Marcillous STACY, Appellant,

v.

UNITED STATES CIVIL SERVICE COMMISSION et al.

Nos. 73–2241 and 73–2242.

United States Court of Appeals, District of Columbia Circuit.

Argued Feb. 24, 1975.

Decided March 16, 1976.

Dennis R. Yeager, New York City, of the bar of the Supreme Court of the United

States, pro hac vice, by special leave of court, with whom Edward Schwab, Washington, D. C., was on the brief for appellants.

E. Lawrence Barcella, Jr., Asst. U. S. Atty., Washington, D. C., with whom Earl J. Silbert, U. S. Atty., John A. Terry and John R. Dugan, Asst. U. S. Attys., Washington, D. C., were on the brief for appellee.

Before TAMM and LEVENTHAL, Circuit Judges, and MILLER,* Judge, United States Customs and Patent Appeals.

Opinion for the Court filed by Circuit Judge LEVENTHAL.

LEVENTHAL, Circuit Judge:

This case involves a challenge to employment qualifications promulgated by the Civil Service Commission as requisites for the position of federal mine inspector, a position established to assure compliance with the Federal Coal Mine Health and Safety Act of 1969.[1]

A. *Hall's Claim—Exhaustion of Administrative Remedy*

Appellant Hall applied for the position of Coal Mine Inspector on January 28, 1972. His application was rejected on the ground that he did not meet certain managerial experience requirements. His subsequent application for Coal Mine Inspector Trainee was returned because receipt of applications for that position had been suspended. He purports to represent a class of those persons who have been denied employment or who have been deterred from seeking employment because of the contested standards.

By order of September 5, 1973, the District Court remanded Hall's case to the Civil Service Commission for administrative consideration under part 300 of Title 5 of the Code of Federal Regulations.

The gravamen of appellant's complaint is that the Federal Coal Mine Health and Safety Act is being violated, or its enforcement impaired, because the Civil Service Commission applies selection criteria for inspector positions exceeding the qualifications for such positions mandated in the Act.[2] The Act specifies that "authorized representatives . . . shall be qualified by practical experience in the mining of coal or by experience as a practical mining engineer or by education." The announcement promulgated by the Commission, in cooperation with the Department of Interior, requires specialized experience of all applicants, defined as:[3]

> [M]anagerial or supervisory experience in mining in such positions as mining engineer, superintendent, foreman or other responsible positions in a mine which provided the applicant with the skills, knowledge and abilities required for successful performance as a Federal Mine inspector.

The Commission requires at least one year of such specialized experience for both the coal mine inspector and coal mine inspector trainee positions.

█ When Hall was advised that he was rated ineligible for the inspector position, he was not advised that he could appeal that determination. However, his claim is essentially that the criteria used in making that determination are not job-related. The Commission's regulations provide that employment practices must be job-related, 5 C.F.R. §§ 300.102, 300.103(b) (1975). Aggrieved candidates who claim these requirements have not been complied with are given an administrative remedy. 5 C.F.R. § 300.104(a)(1). Hall was not aware of this administrative remedy, and did not pursue it within the fifteen days normally required for initiation of administrative appeals. However, the Commission has represented both to the District Court and this court that it is nevertheless willing to consider Hall's complaint on the merits.

---

* Sitting by designation pursuant to 28 U.S.C. § 293(a).

1. 30 U.S.C. § 801 *et seq.* (1970).

2. 30 U.S.C. § 954 (1970).

3. No. WAM-012 (dated Jan. 1971).

In the context of that assurance, we approve the District Court's remand to the Commission, so that Hall's administrative remedies may be exhausted. We are not currently in a position to evaluate what skills are and are not required to be an effective mine inspector within the purposes of the Federal Coal Mine Health and Safety Act. *See, e. g., Weinberger v. Bentex Pharmaceuticals,* 412 U.S. 645, 654, 93 S.Ct. 2488, 2494, 37 L.Ed.2d 235, 242 (1973). That task is properly one for the Commission in the first instance; in making that determination it can properly consider the qualifications indicated by Congress for these positions and the purposes of the Act the inspectors are expected to serve. Although Hall raises a challenge under the Act rather than under Civil Service regulations, his statutory claim involves much the same analysis as the Commission must undertake under its own regulations. While the Commission does not have the authority to provide a definitive interpretation of the Act, its interpretations carry weight and obviously it must look to the Act as a guide to what sort of job the Act creates. Because appellant Hall has not yet exhausted the possibilities for full relief under existing regulations, he has no basis for initially invoking this court's jurisdiction on the ground that existing regulations are insufficient to provide relief or that only a question of law for the court to decide is at issue. *See, e. g., American Federation of Government Employees v. Acree,* 155 U.S. App.D.C. 20, 475 F.2d 1289 (1973); *McKart v. United States,* 395 U.S. 185, 89 S.Ct. 1657, 23 L.Ed.2d 194 (1969). We therefore affirm the District Court's ruling for remand of Hall's claim to the Civil Service Commission for consideration under the authority of Part 300 of Title 5 of the Code of Federal Regulations, the Commission having undertaken to consider that appeal on the merits. We modify the District Court's ruling only to the extent of directing it to retain juris-

diction of Hall's claim pending its consideration by the Commission. *See Hayes v. Secretary of Defense,* 169 U.S.App.D.C. 209, 515 F.2d 668 (1975).

## B. Standing of Stacy

Appellant Stacy is a coal miner who was injured on the job on April 12, 1972. He alleges that he represents those employed as miners in mines subject to the Act, and claims that his rights under the Act have been violated in that his injury occurred because the Commission's standards prevented the hiring of the number of inspectors necessary to maintain mine safety.[4] He also seeks modification of the Commission's qualifications. The District Court dismissed Stacy's claim, apparently for lack of standing.

Both appellant Hall and appellant Stacy seek basically the same relief, albeit in aid of different classes. It may well be that the Commission will grant full relief to Hall and thus moot the claim brought by Stacy. It may therefore not be necessary to resolve the issue of Stacy's standing as a member of the class Congress sought to protect by the Act.

An overarching purpose of the doctrine of exhaustion of administrative remedies is that it may "moot judicial controversies."[5] We need not consider whether in the absence of Hall's claim there would have been a basis for judicial referral to the Commission, in an advisory capacity, under a doctrine of primary jurisdiction.[6] Since here the Commission has power to grant relief in its consideration of Hall's claim, and since this may render the claim brought by Stacy moot, we think it comports with sound judicial administration to vacate the District Court's judgment of dismissal and to remand with the direction that the District Court retain jurisdiction of Stacy's claim pending the Commission's consideration of the related challenge by Hall to the job

---

4. Appellants also allege that their Fifth Amendment rights and their rights under 42 U.S.C. § 1985 have been violated by the challenged employment standards.

5. *Parisi v. Davidson,* 405 U.S. 34, 37, 92 S.Ct. 815, 817, 31 L.Ed.2d 17, 24 (1972).

6. *Cf. Wheelabrator Corp. v. Chafee,* 147 U.S. App.D.C. 238, 248, 455 F.2d 1306, 1316 (1971).

qualifications announcement for mine inspectors.

*So ordered.*