Thomas C. **HARPER**, Appellant,

v.

Mitchell **KOBELINSKI**, Administrator, Small Business Administration, et al.

No. 77–1686.

United States Court of Appeals, District of Columbia Circuit.

Argued March 24, 1978.

Decided Dec. 11, 1978.

Thomas C. Harper, pro se.

Carol E. Bruce, Asst. U. S. Atty., Washington, D. C., with whom Earl J. Silbert, U. S. Atty., John A. Terry, Peter E. George and Tobey W. Kaczensky, Asst. U. S. Attys., Washington, D. C., were on the brief, for appellee.

Before TAMM and ROBINSON, Circuit Judges, and OBERDORFER,* United States District Judge for the District of Columbia.

Opinion PER CURIAM.

PER CURIAM:

This appeal is the latest of appellant Harper's efforts, pursuant to the Privacy Act of 1974,[1] to prevent the assertedly unauthorized disclosure and use of a confidential file maintained by his employer, the Small Business Administration (SBA). Specifically, appellant complains that information in the file, compiled by SBA during an internal security check on him, has been revealed to a former SBA employee to aid the latter in his claim of employment discrimination against the agency. Appellant seeks an injunction against continued use of the file, and a judicial determination that some of the material incorporated therein is false and should be expunged or amended. The District Court entered a summary judgment dismissing appellant's action on the ground that he had failed to exhaust administrative remedies.[2] We reverse.

I

On May 25, 1976, and again on June 7 following, appellant wrote to SBA's Director of Personnel, asking that information allegedly obtained from his security file be removed from his former fellow employee's equal employment opportunity file. The agency's Privacy Act Officer and its Director of Personnel advised appellant that the data at issue were not contained in records under the control of the Office of Personnel, and that this precluded them from acting on appellant's request.

Thereafter, on August 5, appellant initiated the present suit. Appellees moved to dismiss or, in the alternative, for summary judgment, on the ground, *inter alia*, that appellant had not pursued his administrative recourse as required by the Privacy Act.[3] Several procedural motions then followed in rapid succession. In order to provide an opportunity for discovery, appellant sought, and the District Court granted, an extension of the period within which to respond to appellees' motion.[4] Appellees countered by requesting a protective order staying discovery pending disposition of the motion for judgment of dismissal. Appellant then filed an opposition to this motion and asked for a further extension of time, again on the basis of need for discovery. Due to a clerical error, the last motion was not transmitted to the court prior to its ruling on appellees' motion for summary judgment. Pursuant to its Rule 1–1(d),[5] the court interpreted appellant's apparent silence as acquiescence in the motion for judgment and, on September 30, 1976, accordingly ruled in appellees' favor.[6]

Appellant then filed a timely motion to vacate the outstanding judgment and for reconsideration of his previously overlooked request for a second extension of time. On June 23, 1977, the District Court held that

---

* Sitting by designation pursuant to 28 U.S.C. § 292(a) (1976).

1. Pub.L. No. 93–579, § 3, Dec. 31, 1974, 88 Stat. 1897, and amended Pub.L. No. 94–183, § 2(2), Dec. 31, 1975, 89 Stat. 1057, codified at 5 U.S.C. § 552a (1976).

2. *Harper v. Kobelinski*, Civ. No. 76–1460 (D.D.C.) (order of June 23, 1977) (unreported).

3. 5 U.S.C. §§ 552a(d)(3), (g)(1) (1976).

4. *Harper v. Kobelinski, supra* note 2 (order of Sept. 15, 1976) (unreported).

5. Rule 1–9(d) of the District Court provides:
   Within ten days of the date of service or such other time as the court may direct, an opposing party shall serve and file a statement of points and authorities in opposition to the motion, together with a proposed order. *If such opposing statement is not filed within the prescribed time, the court may treat the motion as conceded.*
   (Emphasis supplied).

6. *Harper v. Kobelinski, supra* note 2 (order of Sept. 30, 1976) (unreported).

appellant's purported need for discovery did not constitute good cause, as required by Rule 6(b) of the Federal Rules of Civil Procedure,[7] and denied the sought-after extension of time.[8] At the same time, the court denied appellant's motion to vacate the September 30, 1976, judgment on the ground that appellant had not exhausted his administrative remedies.[9]

## II

Under the Privacy Act, appellant was entitled to ask SBA for "an amendment of a record pertaining to him."[10] He did so and his request was denied. He was not, however, told that he could appeal that determination within the agency, nor was he apprised of the established procedures for administrative review. Thus SBA did not comply with the mandate of the Privacy Act that it "inform" him not only "of its refusal to amend the record in accordance with his request" and "the reason for the refusal," but also of *the procedures established by the agency for the individual to request a review of that refusal by the head of the agency or an officer designated by the head of the agency, and the name and business address of that official.*"[11]

Because, as appellees concede,[12] there is no record that Harper was advised of the administrative review procedure, he should not be penalized for bypassing it. His lack of knowledge of the appropriate channels of administrative review could have led him to forego that review—which might have af-

forded him relief—and that in turn deterred the District Court from reaching the merits of his claim.

SBA's failure to inform appellant of his right to administrative review aligns this case with our recent decision in *Hall v. United States Civil Service Commission.*[13] And SBA has expressed its willingness to now provide appellant with that review.[14] To this end, the judgment appealed from is reversed and the case is remanded to the District Court with instructions to retain jurisdiction pending further consideration of appellant's claims by the agency.

*So ordered.*

---

7. Fed.R.Civ.P. 6(b)(1) provides in pertinent part:

> When by these rules or by a notice given thereunder or by order of the court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion . . . with or without motion or notice order the period enlarged if requests therefor are made before the expiration of the period originally [described] or as extended by a previous order . . . .

8. *Harper v. Kobelinski, supra* note 2.

9. *Id.* The court stated that "[b]ecause plaintiff neglected to complete the administrative process which is a prerequisite to the filing of an action in this court, this case, as we intended in our September 30, 1976 order, must be dis-

missed for failure to exhaust the appropriate administrative remedies." *Id.* at 3.

10. 5 U.S.C. § 552a(d)(2) (1976).

11. 5 U.S.C. § 552a(d)(2)(B)(ii) (1976) (emphasis supplied).

12. Brief for Appellees at 12–13.

13. 174 U.S.App.D.C. 468, 533 F.2d 695 (1976) (where aggrieved governmental employee did not pursue an administrative appeal from an initial adverse agency decision because he was not apprised of the availability of such an appeal, the District Court should retain jurisdiction of employee's action pending agency review of his claim).

14. Brief of Appellees at 12–13.