804 F.2d 366
 42 Fair Empl.Prac.Cas. 1053,
41 Empl. Prac. Dec. P 36,573
Carmen GERMANE, Plaintiff-Appellant,
v.
Margaret HECKLER, Secretary of Health and Human Services,
United States Department of Health and Human
Services, Defendants-Appellees.
 No. 85-2558.
 United States Court of Appeals,
Seventh Circuit.
 Argued June 12, 1986.
Decided Oct. 22, 1986.
Rehearing and Rehearing En Banc Denied Jan. 6, 1987.
 
 Franklyn M. Gimbel, Gimbel Gimbel & Reilly, Milwaukee, Wis., for plaintiff-appellant.
 Patricia J. Gorence, Asst. U.S. Atty., Milwaukee, Wis., for defendants-appellees.
 Before BAUER, Chief Judge, and COFFEY and RIPPLE, Circuit Judges.
 BAUER, Chief Judge.
 
 
 1
 Carmen Germane is a former employee of the Milwaukee Office of the United States Department of Human Services' Office of Hearings and Appeals who claims she was discharged from that office in violation of Title VII, the Privacy Act, and the first and fifth amendments to the United States Constitution. She appeals the entry of judgment below denying her all relief and alleges several errors by the trial court. She claims the magistrate erred in finding that she was not fired on the basis of sex but rather for good cause, in denying her leave to amend her complaint, in dismissing Germane's Privacy Act claim for her failure to exhaust administrative remedies, and in refusing to consider bases for recovery under Title VII that were not included in her EEOC action. She further contends that the district court erred in referring Germane's case to a magistrate without her consent. We find no merit in Germane's arguments and affirm the judgment below.
 
 I.
 
 2
 Carmen Germane was hired on December 3, 1979 as an attorney advisor in the Milwaukee Office of the United States Department of Human Services' Office of Hearings and Appeals ("OHA") to assist administrative law judges in drafting decisions. On July 2, 1980, OHA discharged Germane. OHA informed Germane that she was fired for five reasons: poor work product, failure to return timely drafts of decisions, poor performance, failure to draft decisions as requested, and poor attitude.
 
 
 3
 On September 25, 1981, Germane filed suit against OHA and three OHA employees. Her original complaint claimed violations of Title VII, 42 U.S.C. Sec. 2000e et seq., the Fifth Amendment; and the Privacy Act, 5 U.S.C. Sec. 552a(g). Defendants moved to dismiss all claims. In response, Germane asked leave to amend her complaint to include a First Amendment claim. The magistrate dismissed the individual defendants from the case, dismissed all claims against OHA except the Title VII claim, and denied Germane's motion to amend. Germane appealed this action, but the district court dismissed the appeal. Germane then asked and was granted leave to amend her complaint to cure technical deficiencies in her four Privacy Act claims.
 
 
 4
 Trial on the liability issues was held from June 11, 1984 to June 13, 1984. At the close of Germane's case, the magistrate granted OHA's motion to dismiss two of Germane's Privacy Act claims for lack of evidence but denied dismissal of the other two Privacy Act claims and the Title VII claim.
 
 
 5
 At the conclusion of trial, the magistrate entered judgment dismissing Germane's complaint. The magistrate dismissed Germane's Title VII claim because he found that Germane had not been discharged on the basis of her sex. He dismissed for lack of evidence Germane's Privacy Act claim based on OHA's premature disclosure of her termination to office personnel. Finally, he dismissed Germane's Privacy Act claim based on OHA's failure to maintain a proper personnel file because Germane had failed to exhaust her administrative remedies.
 
 
 6
 Germane appeals. She challenges as error the entry of judgment against her on her Privacy Act and Title VII claims, the denial of her first motion for leave to amend her complaint, and the referral of the case to a magistrate.
 
 II.
 
 7
 Germane challenges the magistrate's finding that she was not fired on the basis of sex but rather for valid cause. Her attack on this finding is two-pronged. First, she claims the magistrate erred in looking only to the personal motives of the OHA official who actually fired Germane rather than also looking to the motives of those who gave information about Germane to that official that may have influenced his decision. Second, Germane claims that the magistrate was simply incorrect in his determination that the reasons given for Germane's discharge were not pretextual. We disagree with both arguments.
 
 
 8
 We disagree with Germane's first ground of attack because we disagree with Germane's assertion that the magistrate ignored the discriminatory motives of Germane's fellow employees. The magistrate correctly noted that the ultimate inquiry in a Title VII disparate treatment claim is whether discriminatory intent was a "but for" cause of the adverse action. Germane v. Heckler, No. 81-C-1274, mem. op. at 25-26 (E.D.Wis. July 12, 1985) (citing McCluney v. Jos. Schlitz Brewing Co., 728 F.2d 924, 928 (7th Cir.1984) ). As Germane accurately points out, in making this ultimate determination the magistrate focused in part on the intent of the OHA official who fired Germane.
 
 
 9
 The decision to fire plaintiff was made by [the head administrative law judge], and it is his motives that must determine defendant's liability under Title VII.
 
 
 10
 Germane, mem. op. at 30 (emphasis in original). Germane fails to note, however, that the magistrate also looked to the possible discriminatory motives of Germane's fellow employees and the influence their complaints may have had on the official's decision.
 
 
 11
 [O]f all the complainers, [one employee's] motives, viewed in isolation, were discriminatory. Her complaints even if [the official] knew of and adopted or acquiesced to her motives, were not a "but for" cause of plaintiff's termination when considered along with plaintiff's production problems and the other complaints he received.
 
 
 12
 Germane, mem. op. at 31 (emphasis added). Thus, Germane's argument that the magistrate ignored the motives of Germane's fellow employees is simply a misreading of the magistrate's decision.
 
 
 13
 We also reject Germane's assertion that the magistrate's determination that she was fired for valid cause rather than on the basis of sex is incorrect. The magistrate correctly applied the analysis for disparate treatment claims established in McDonnell Douglas v. Green, 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973) and Texas Department of Community Affairs v. Burdine, 450 U.S. 248, 252-53, 101 S.Ct. 1089, 1093, 67 L.Ed.2d 207 (1981). The magistrate determined that Germane made out a prima facie case of discrimination by presenting evidence that she was a qualified female who had received unequal treatment as compared to her male counterparts. Germane, mem. op. at 23-24. The magistrate then correctly noted that the burden shifted to OHA to demonstrate legitimate nondiscriminatory reasons for discharging Germane. Id. at 24. This OHA did by proffering the reasons set forth in Germane's letter of termination and introducing evidence supporting those reasons. The magistrate then turned to the final determination of whether Germane could show that OHA's reasons were merely pretextual and that she was in fact fired on the basis of her sex. Id. at 24-32. The magistrate determined that although some of OHA's proffered reasons might have been pretextual (poor work product and failure timely to return drafts), others were not (poor performance and failure to draft decisions as requested). The magistrate therefore determined that Germane had not carried her ultimate burden of proving discriminatory intent. Id. at 32. This conclusion is sensible, supported by the evidence, consistent with the magistrate's underlying findings, and the result of the application of the correct analytical framework. We see no basis to overturn it as clearly erroneous. See Batson v. Kentucky, --- U.S. ----, 106 S.Ct. 1712, 1742 n. 21, 90 L.Ed.2d 69 (1986) (trial court's finding regarding discriminatory intent may only be overturned if clearly erroneous).
 
 III.
 
 14
 Germane next contends the magistrate erred in denying her motion for leave to amend her complaint to add a First Amendment claim. We disagree.
 
 
 15
 In response to OHA's motion to dismiss her original complaint, Germane moved to add a First Amendment claim. She wished to allege that she was fired for engaging in a romantic relationship with an administrative law judge, and that this discharge constitutes not only a Title VII violation but also a violation of her First Amendment associational rights. The magistrate denied Germane's motion on the basis that Title VII provides the exclusive remedy for the harm alleged by Germane. Germane v. United States, No. 81-C-1274, mem. op. at 4-7 (E.D.Wis. Oct. 7, 1982).
 
 
 16
 We agree with the magistrate that Germane cannot state a separate First Amendment claim. Germane can only state a First Amendment claim if Title VII or other statutes or regulations do not embody a remedy intended by Congress to provide Germane exclusive relief for the harm alleged and if there are no "special factors counselling hesitation in the absence of affirmative action by Congress." Carlson v. Green, 446 U.S. 14, 18-19, 100 S.Ct. 1468, 1471, 64 L.Ed.2d 15 (1980). Regardless of whether Title VII provides the exclusive remedy for a discharge motivated by disapproval of a romantic relationship between employees, the Supreme Court has already determined that the intricate regulatory framework that Congress has designed to protect the First Amendment rights of its civil service employees is a "special factor counselling hesitation." Bush v. Lucas, 462 U.S. 367, 380-90, 103 S.Ct. 2404, 2412-18, 76 L.Ed.2d 648 (1983). Thus, as a federal civil service employee, Germane cannot state a First Amendment claim, and her motion to amend her complaint to do so was properly denied.
 
 IV.
 
 17
 Germane does not appeal the dismissal for lack of evidence of three of her Privacy Act claims, but she does allege the magistrate incorrectly dismissed her remaining Privacy Act claim on the basis that she failed to exhaust administrative remedies as to that claim. Germane admits that she failed to pursue any administrative recourse but argues she should be relieved of this requirement because OHA failed to notify her of her administrative appeal opportunities and because pursuit of her administrative remedies would have been pointless. We reject both of these arguments and affirm the magistrate's dismissal of the claim.
 
 
 18
 Germane cites two cases in support of her position that she need not exhaust her administrative remedies because OHA did not inform her of them. In Harper v. Kobelinski, 589 F.2d 721 (D.C.Cir.1978) and Liguori v. Alexander, 495 F.Supp. 641 (S.D.N.Y.1980), the plaintiffs both complained to federal agencies about Privacy Act violations. In response, the agencies denied the complainants' requests and failed to inform them of their rights to administratively appeal those decisions. In light of the Privacy Act's explicit requirement that agencies inform complainants whose requests have been denied of the available administrative remedies, 5 U.S.C. Sec. 552a(d)(2)(B)(ii), the courts in Harper and Liguori refused to penalize the plaintiffs for their failure to exhaust. Harper at 723; Liguori at 646-47.
 
 
 19
 These cases are completely inapposite to Germane's Privacy Act claim because Germane has never complained to OHA of the Privacy Act violation alleged here. Germane cannot claim (as the plaintiffs in Harper and Liguori could) that OHA failed to abide by the Privacy Act's requirement that OHA inform Germane of her available administrative review procedures, since OHA never had an opportunity to fulfill that requirement.
 
 
 20
 We also find unpersuasive Germane's argument that she may ignore administrative remedies because they would not result in the relief she desires. Germane points out that her remaining Privacy Act claim is based on OHA's failure to maintain complete personnel files in the past, and that OHA could not now create such files. She concludes from this that she should not be forced to request relief that the agency cannot give.
 
 
 21
 To the extent that relief is unavailable from OHA, however, it is also unavailable from the court. The only remedy available to Germane for OHA's failure to maintain files is a court order requiring OHA to do so in the future, 5 U.S.C. Sec. 552a(g)(2)(A), and perhaps attorneys fees and costs. 5 U.S.C. Sec. 552a(g)(2)(B). Germane could only obtain damages if she could prove that OHA's failure was "intentional or willful," 5 U.S.C. Sec. 552a(g)(4)(A), which her complaint does not even allege. If Germane is seeking only to have OHA create a past file, it is as impossible for her to obtain relief from the court as it is from OHA, and her claim must fail. If Germane is seeking creation of files in the future, damages, or both, (her complaint only prays for damages, not an injunction), she has failed to exhaust administrative remedies, and her claim must fail for that reason.
 
 V.
 
 22
 Germane also alleges the magistrate erroneously refused to consider several of her discrimination claims that were not included in her EEOC complaint because Germane failed to exhaust her administrative remedies as to these claims. She argues that, as a matter of policy and Congressional intent, she should be allowed to rely on these claims as separate bases of recovery.[1] She cites several cases in support of her position.
 
 
 23
 We find it unnecessary to address these arguments in light of our disposition of Germane's unlawful termination claim and the relief that she seeks. Germane was not discriminatorily discharged in violation of Title VII, and she requests no injunctive or equitable relief beyond reinstatement. She only requests damages for the discrimination she suffered on the job. Because Title VII only enables a court to remedy violations of Title VII by granting plaintiffs "reinstatement ..., back pay ..., or other equitable relief as the court deems appropriate," 42 U.S.C. Sec. 2000e-5(g), we would be unable to award Germane damages as she requests even if her additional Title VII claims were meritorious. Bohen v. City of East Chicago, 799 F.2d 1180, 1183-84 (7th Cir.1986) (damages unavailable under Title VII for violations not resulting in discharge). Thus, even if the magistrate improperly dismissed some of Germane's discrimination claims for failure to exhaust administrative remedies (which we expressly do not decide), Germane could not obtain damages as she requests, and the entry of judgment denying her all relief was not error.
 
 VI.
 
 24
 Finally, Germane alleges her case was improperly transferred to a magistrate without her consent. Once again, we disagree.
 
 
 25
 On February 19, 1982, the district court transferred this case to Magistrate Goodstein based on a consent form signed by Germane's attorney. Germane represented to this court in her main brief that she never consented to this transfer and did not even have notice of it until October 1982 when her substitute counsel informed her of it. She claimed he only discovered it after he received a decision and order from the magistrate on October 7, 1982 (even though another attorney from his law firm appeared on his behalf at a status conference with Magistrate Goodstein in mid-August 1982).
 
 
 26
 This sequence of events seems improbable at first glance, and an examination of the record confirms that it is wholly unbelievable. While Germane contends she did not know of the referral of her case to a magistrate until October 1982 when her substitute counsel so informed her after he accidently stumbled upon the fact, the record shows that Germane's original counsel sent her a letter dated March 9, 1982 (less than three weeks after transfer of the case) that reads in relevant part as follows:
 
 Dear Carmen:
 
 27
 This is to update you on developments in your case.... [Y]ou should be happy to know that the case will be tried in front of Magistrate Aaron Goodstein as though he were the judge in the case. This is a good development because Magistrate Goodstein is by far the most liberal of those available to hear your case. Also, I would expect that the matter could be set on for hearing much sooner for him than for the federal judge who was assigned to your case.
 
 
 28
 After defendants brought this letter to the court's (and Germane's) attention in their brief, Germane emphasized in her reply brief that what she meant to say is that she knew of the transfer but thought that the magistrate would only handle pretrial matters and would not try the case himself. She had only meant to consent, she claims, to the transfer of pretrial matters to the magistrate. In response to this explanation, we only find it necessary to point out that Germane is herself an attorney and that the letter informing her of the transfer stated that "the case will be tried in front of Magistrate Aaron Goodstein." It is hard to imagine a record that demonstrates a more informed or voluntary consent to trial before a magistrate.
 
 VII.
 
 29
 For the foregoing reasons the judgment of the magistrate denying Germane all relief, the denial of Germane's motion for leave to amend her complaint, and the transfer of the case to a magistrate are
 
 
 30
 AFFIRMED.
 
 
 
 [1]
 The magistrate specifically noted (app. 122) that, although he would not consider these allegations as independent bases of liability, they could be considered as "relevant to patterns of discriminatory behavior" on the discharge claim