**Ulysees COATES**

v.

**U.S. DEPARTMENT OF LABOR, and Alexis M. Herman, Secretary U.S. Department of Labor.**

**No. CIV. A. 99–CV–3769.**

United States District Court,
E.D. Pennsylvania.

April 26, 2001.

Dennis L. Friedman, Philadelphia, PA, for Plaintiff.

Nadine Overton, Office of the U.S. Attorney, Philadelphia, PA, for Defendants.

### MEMORANDUM AND ORDER

JOYNER, District Judge.

Defendants, the U.S. Department of Labor and its Secretary Alexis M. Herman, now move for the entry of summary judgment on the grounds that the Plaintiff failed to exhaust his administrative remedies. For the reasons which follow, the motion shall be granted.

### Background

Plaintiff instituted this action in July, 1999 under the Freedom of Information Act, 5 U.S.C. § 552 to compel the Department of Labor to produce "copies of all documents contained in any file within the possession or control of the Directorate of Civil Rights, a component of the DOL, pertaining to [a] discrimination complaint he filed on August 14, 1994...." According to the complaint, Plaintiff had, through his attorney, submitted a Free-

dom of Information Act/Privacy Act request for these materials on March 6, 1998 to Annabelle T. Lockhart, the Director of the Directorate of Civil Rights ("DCR"). (Complaint, ¶ 6). Apparently, there was no response to this request, as Plaintiff next avers that he "reasserted his FOIA/Privacy Act request by letter to Patricia Watkins Lattimore, Assistant Secretary for Administration and Management, DOL, dated March 16, 1999." (Complaint, ¶ 7).

This second request generated a response. On April 7, 1999, Annabelle Lockhart denied the FOIA/Privacy Act request on the grounds that the materials sought were part of an ongoing equal employment opportunity case and were therefore exempt from production under Exemptions 5 and 7(A) of the FOIA. (Complaint, ¶ 8; Exhibit "C"). On April 13, 1999, Mr. Coates' attorney sent both a letter of comment to Ms. Lattimore, Ms. Lockhart's supervisor, and appealed the denial of his request to Henry L. Solano, the Department of Labor's Solicitor. (Complaint, ¶ s 11–12).

Thereafter, on May 21, 1999, Peter Galvin, Director of FOIA Appeals in the DOL's Office of the Solicitor, responded to Plaintiff's counsel that because the investigation into the EEO case had recently closed, the requested materials would be produced and the DOL was therefore marking Plaintiff's appeal as having been withdrawn. (Complaint, ¶ 11, Exhibit "F"). Plaintiff's attorney responded, via letter dated May 27, 1999, that "unless he received a good faith response to the FOIA/Privacy Act request within ten days, he would file a civil action to compel the production of the requested documents." (Complaint, ¶ 12, Exhibit "G").

On May 28, 1999, Plaintiff's attorney received DOL's response to his FOIA/Privacy Act request accompanied by a trans-

mittal letter dated April 25, 1999 advising that the enclosed materials constituted all of the documents requested with the exception of any attorney-client privileged materials and noting that if he believed the DOL's response to be a denial of his request for information, that he had a right to appeal the agency's decision within 90 days to the Solicitor of Labor. (Complaint ¶ 15, Exhibit "I"). Plaintiff's attorney then sent separate letters on May 28, 1999 to both Ms. Lockhart and Mr. Galvin informing them that he believed that 95% of the documents produced by the DOL were not what he had requested as they were materials which his client had himself supplied to the DOL or were excerpts from the FECA manual. Plaintiff's counsel also asked why the transmittal letter of April 25th had advised Mr. Coates to repeat the administrative appeal process. (Complaint ¶ 16, Exhibits "J" and "K"). On June 17, 1999, Annabelle Lockhart responded via certified letter that "it is standard policy to provide the appeal rights on all correspondence dealing with FOIA requests." (Complaint, ¶ 17, Exhibit "K"). On July 26, 1999, Plaintiff filed this lawsuit.

### Summary Judgment Standards

The standards to be applied by the district courts in ruling on motions for summary judgment are clearly outlined in Fed. R.Civ.P. 56. Under subsection (c) of that rule,

> .... The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

Pursuant to Rule 56 then, a court is compelled to look beyond the bare allegations of the pleadings to determine if they have sufficient factual support to warrant their consideration at trial. *Liberty Lobby, Inc. v. Dow Jones & Co.*, 838 F.2d 1287 (D.C.Cir.1988), *cert. denied*, 488 U.S. 825, 109 S.Ct. 75, 102 L.Ed.2d 51 (1988); *Aries Realty, Inc. v. AGS Columbia Associates*, 751 F.Supp. 444 (S.D.N.Y.1990). As a general rule in considering a summary judgment motion, the court must view the facts in the light most favorable to the non-moving party and all reasonable inferences from the facts must be drawn in favor of that party as well. *Troy Chemical Corp. v. Teamsters Union Local No. 408*, 37 F.3d 123, 126 (3rd Cir.1994); *U.S. v. Kensington Hospital*, 760 F.Supp. 1120 (E.D.Pa.1991); *Schillachi v. Flying Dutchman Motorcycle Club*, 751 F.Supp. 1169 (E.D.Pa.1990). *See Also: Williams v. Borough of West Chester*, 891 F.2d 458, 460 (3rd Cir.1989); *Tziatzios v. U.S.*, 164 F.R.D. 410, 411, 412 (E.D.Pa.1996). "Material" facts are those facts that might affect the outcome of the suit under the substantive law governing the claims made. An issue of fact is "genuine" only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party" in light of the burdens of proof required by substantive law. *The Philadelphia Musical Society, Local 77 v. American Federation of Musicians of the United States and Canada*, 812 F.Supp. 509, 514 (E.D.Pa.1992) citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 252, 106 S.Ct. 2505, 2510, 2512, 91 L.Ed.2d 202 (1986).

### Discussion

Both the Freedom of Information Act, 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 552a, impose a duty on government agencies to release upon request, in

the case of the FOIA, public records not exempt from disclosure and in the case of the Privacy Act, records about the individual requesting it. *See*, 5 U.S.C. § 552(a)(3); 5 U.S.C. § 552a(d)(1). Provided that the records are reasonably described and that the request is made in accordance with any published rules concerning the time, place, fees and procedures to be followed, they are to be made available promptly to the requestor. 5 U.S.C. § 552(a)(3)(A).

■ As a general rule, exhaustion of administrative remedies is required before filing suit in federal court so that the agency has an opportunity to exercise its discretion and expertise on the matter and to make a factual record to support its decision. *Oglesby v. United States Department of the Army*, 920 F.2d 57, 61 (D.C.Cir.1990) citing *McKart v. United States*, 395 U.S. 185, 194, 89 S.Ct. 1657, 1662–63, 23 L.Ed.2d 194 (1969). The administrative appeal process under the FOIA is set forth in § 552(a)(6)(A)(i) and (ii) as follows:

> Each agency, upon any request for records made under paragraph (1), (2) or (3) of this subsection, shall
>
> (i) determine within 20 days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of any such request whether to comply with such request and shall immediately notify the person making such request of such determination and the reasons therefor, and of the right of such person to appeal to the head of the agency any adverse determination;

> (ii) make a determination with respect to any appeal within twenty days (excepting Saturdays, Sundays and legal public holidays) after the receipt of such appeal. . . .

Thereafter, § 552(a)(6)(C)(i) provides:

> Any person making a request to any agency for records under paragraph (1), (2), or (3) of this subsection shall be deemed to have exhausted his administrative remedies with respect to such request if the agency fails to comply with the applicable time limit provisions of this paragraph. If the Government can show exceptional circumstances exist and that the agency is exercising due diligence in responding to the request, the court may retain jurisdiction and allow the agency additional time to complete its review of the records. Upon any determination by an agency to comply with a request for records, the records shall be made promptly available to such person making such request. Any notification of denial of any request for records under this subsection shall set forth the names and titles or positions of each person responsible for the denial of such request.

■ Although FOIA claims require administrative exhaustion[1] prior to commencing an action in district court, the administrative process may be deemed constructively exhausted if the agency fails to respond to the FOIA request within twenty days of receipt of the request. Thus, if the agency served with the request fails to respond within the prescribed time frame, a plaintiff may proceed immediately to bring an action directly in a

---

1. While exhaustion of administrative remedies is not a jurisdictional prerequisite under the Privacy Act, it is a jurisprudential prerequisite. The jurisprudential exhaustion doctrine is a long settled rule of judicial administration which mandates that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted. *Taylor v. U.S. Treasury*, 127 F.3d 470, 476–477 (5th Cir. 1997). *See Also: Quinn v. Stone*, 978 F.2d 126, 137 (3rd Cir.1992); *Hammie v. Social Security Administration*, 765 F.Supp. 1224, 1225 (E.D.Pa.1991).

district court without exhausting any administrative remedies. *Pollack v. Department of Justice*, 49 F.3d 115, 118 (4th Cir.1995); *Madden v. Runyon*, 899 F.Supp. 217, 226 (E.D.Pa.1995). Where, however, the agency responds to the request before suit is filed, the requestor once again becomes obligated to pursue his administrative remedies before he can bring an action in the district court. *Taylor v. Appleton*, 30 F.3d 1365, 1369 (11th Cir.1994); *McDonnell v. U.S.*, 4 F.3d 1227, 1240 (3rd Cir.1993); *Oglesby*, 920 F.2d at 61. *See Also: Amro v. United States Customs Service*, 128 F.Supp.2d 776, 785(E.D.Pa.2001); *Lei v. Brown*, 1995 WL 37613 (E.D.Pa.1995); *Grace v. Lavalle*, 1992 WL 99629 (E.D.Pa.1992).

■ In this case, the plaintiff made his initial FOIA/Privacy Act request to the Department of Labor on March 6, 1998. As plaintiff avers in his complaint, the agency failed to respond to this request and he therefore reasserted it some one year later on March 16, 1999. The DOL responded by letter dated April 7, 1999 and advised that it was interpreting the plaintiff's request to be under the FOIA and that it was denying the request pursuant to the Privacy Act exemption for ongoing case investigations. Following Plaintiff's appeal on April 13, 1999, the Labor Department's Division of Civil Rights closed the investigation into Plaintiff's complaint and thus agreed to release his file. The Office of the Solicitor therefore advised Plaintiff's counsel that the appeal was being considered to have been withdrawn.

In response, on May 27, 1999, Plaintiff's counsel wrote a letter to the three individuals within the Department of Labor with whom he had earlier corresponded, advising that he found the "DOL's response to Mr. Coates' FOIA/Privacy Act appeal...outrageous and insulting," and threatening to file suit if he was not supplied with copies of all documents responsive to the request within ten days. Later that same date, DOL sent a memorandum to Plaintiff's attorney via facsimile explaining that it closed the plaintiff's appeal file so as to enable the office with the records to promptly reconsider his disclosure request and thereby expedite the matter. On May 28, 1999, Mr. Coates' attorney received the DOL's response to his FOIA/Privacy Act request. Plaintiff's counsel believed that the materials supplied were not responsive to his request and that same date again wrote to both Ms. Lockhart and Mr. Galvin at the DOL advising of this belief and inquiring, *inter alia*, as to (1) why he had been advised to repeat the administrative appeal process; (2) whether the agency had withdrawn the appeal; and (3) whether there was a conspiracy within the DOL "to impede Mr. Coates' lawful efforts to timely secure documents under FOIA/Privacy Act." In response to these inquiries, Ms. Lockhart sent a letter to Plaintiff's counsel on June 17, 1999 that it was standard policy to provide the appeal rights on all correspondence dealing with FOIA requests. There was no further correspondence or exchange between the parties until after the plaintiff filed this suit on July 26, 1999.

In reviewing the foregoing sequence of events, we can reach no other conclusion but that Mr. Coates failed to exhaust his administrative appeal remedies prior to filing this suit. To be sure, Plaintiff could have filed suit at anytime after March 26, 1998 until April 7, 1999, when the Department of Labor responded to his FOIA/Privacy Act request for information. Once the agency responded, however, Plaintiff became obligated to *completely* exhaust those administrative remedies available to him.

668

Although Plaintiff may have initiated the appeal process, he failed to follow through. Notwithstanding that he may not have agreed with the DOL's response to his FOIA/Privacy Act request or its decision to deem his appeal withdrawn upon its production of those documents, the agency nevertheless informed Mr. Coates that if he believed that its response constituted a denial of his request for information, he would have to again file an appeal with the Solicitor of Labor. While Plaintiff's counsel endeavored to understand why he needed to again undertake the administrative appeal process, the agency responded by explaining that it was "standard policy to provide the appeal rights on all correspondence dealing with FOIA requests." At no time was the plaintiff informed that he was absolved from following the administrative appeal process. Accordingly, we now find that in failing to again engage in this process, regardless of how frivolous he may have believed it to be, Plaintiff failed to satisfy the jurisdictional and jurisprudential prerequisites to bringing this lawsuit. We therefore have no alternative but to grant the defendants' motion for summary judgment.

An order follows.

### ORDER

AND NOW, this 26th day of April, 2001, upon consideration of Defendants' Motion for Summary Judgment and Plaintiff's response thereto, it is hereby ORDERED that the Motion is GRANTED and judgment as a matter of law is hereby entered in favor of the defendants and against the plaintiff.