**Saad S. NOAH, Plaintiff–Appellant,**

v.

**MANCARI'S CHRYSLER PLYMOUTH JEEP EAGLE, INC., Defendant–Appellee.**

No. 02–1770.

United States Court of Appeals, Seventh Circuit.

Submitted Feb. 11, 2003.*

Decided Feb. 18, 2003.

Before EASTERBROOK, ROVNER, and EVANS, Circuit Judges.

Order

Saad Noah filed this employment-discrimination case in 1996. District Judge Aspen recruited counsel to represent Noah, and in 1998 the lawyers for both sides signed forms consenting to final disposition of the case by a magistrate judge. See 28 U.S.C. § 636(c). A magistrate judge entered summary judgment in the employer's favor. Noah did nothing for a year but

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(a); Cir. R. 34(f).

then asked the court to set aside the judgment under Fed.R.Civ.P. 60(b)(4) on the ground that it is "void" because, in Noah's view, he had not given an effective consent to final decision by the magistrate judge. This motion was referred to and denied by Magistrate Judge Schenkier. Noah appealed directly to us–a step that is proper only if (contrary to Noah's main contention) the magistrate judge had authority finally to resolve the case.

Our jurisdiction depends on whether the magistrate judge was authorized to enter a final decision; otherwise his views were just a recommendation to Judge Aspen, the case remains pending in the district court, and 28 U.S.C. § 1291 does not supply jurisdiction. See, e.g., *Jaliwala v. United States*, 945 F.2d 221, 223–24 (7th Cir.1991). This means that appellate jurisdiction tracks the merits; for if we *do* have jurisdiction, then the magistrate judge likewise had authority, and there was no basis for relief under Rule 60(b). So we tackle that question directly.

To be effective, consent under § 636(c) must be explicit. The forms signed in 1998 meet that standard. Noah's lawyer also signed a second consent, providing for appeal from the magistrate to the district judge rather than the court of appeals. The form was obsolete; the statute permitting this election had been repealed before counsel signed. But this does not make the separate, and separately signed, provision for final decision by a magistrate judge any the less effective; it just means that the appeal (had one been filed) from the order granting summary judgment would have come to this court.

Noah believes that the consent was ineffectual because it bears only his lawyer's signature. Yet in civil litigation counsel is the client's agent; the client need not sign documents personally. Indeed, there is no need to get the client's specific approval

for each step taken in litigation. Tactical choices are left to lawyers, see *Link v. Wabash R.R.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962), and we have applied this principle to consent forms bearing only counsel's signature. See *Kalis v. Colgate–Palmolive Co.*, 231 F.3d 1049, 1059–60 (7th Cir.2000); *Germane v. Heckler*, 804 F.2d 366, 370 (7th Cir.1986).

A client may withhold particular powers from counsel, but Noah's lawyer had at least *apparent* authority to give consent under § 636(c). Judgments are not "void" because a lawyer with apparent authority to act in a particular way may have lacked actual authority to do so. Thus Rule 60(b)(4) is not the right device; there is no reason why action by a lawyer with apparent authority should be reviewable long after the judgment has been entered. That would jeopardize the other side's legitimate interest in finality. Remedies for unauthorized (and prejudicial) steps by counsel lie in the tort of malpractice, not in relitigating the original suit. See, e.g., *Tolliver v. Northrop Corp.*, 786 F.2d 316 (7th Cir.1986).

Defects may be cured in the original case if brought to judicial attention promptly. A shortfall of actual authority may have been reason to move within the time provided by Fed.R.Civ.P. 59 for reconsideration–or perhaps to ask for review by Judge Aspen promptly after summary judgment was granted. Actually Noah took a step in this direction: in 2000 he fired his lawyer, and early in 2001 he asked Judge Aspen to resume control of the litigation. See 28 U.S.C. § 636(c)(4). Before Judge Aspen could act on this motion to vacate the reference, however, the magistrate judge entered summary judgment. Noah then did nothing while a year passed, and it is now too late to retract consent–and for this Noah has only himself to blame. Requests under Rule 60(b)(6),

the right subsection of that rule, must be made promptly; this one was not. Magistrate Judge Schenkier therefore had authority to rule on the motion, and we have appellate jurisdiction. (To the extent that Noah may believe that a defective consent strips the district court of jurisdiction, he is incorrect. Errors in referring particular issues to magistrate judges do not affect the tribunal's subject-matter jurisdiction. See, e.g., *Peretz v. United States,* 501 U.S. 923, 111 S.Ct. 2661, 115 L.Ed.2d 808 (1991); *United States v. Wey,* 895 F.2d 429 (7th Cir.1990).)

Noah spends a good deal of space attacking the order granting summary judgment. This is no longer open to review, however; the time for appeal may not be revived by the expedient of filing a motion under Rule 60(b).

AFFIRMED