**Henry C. HARRIS, Plaintiff–Appellant,**

v.

**David ADAMS; United States Postal Service, Defendants–Appellees.**

**No. 88–1052.**

United States Court of Appeals, Sixth Circuit.

Submitted March 30, 1989.

Decided April 28, 1989.

Henry C. Harris, Detroit, Mich., pro se.

Peter A. Caplan, Asst. U.S. Atty., Detroit, Mich., D. Richard Froelke, Asst. Gen. Counsel, Office of Labor Law, Washington, D.C., for U.S. Postal Service and David Adams.

Before MARTIN, KRUPANSKY and MILBURN, Circuit Judges.

MILBURN, Circuit Judge.

Plaintiff-appellant Henry Harris ("Harris"), proceeding *pro se*, appeals the summary judgment dismissing his employment discrimination action based on Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, the Veterans' Vocational Rehabilitation Act, 38 U.S.C. § 1500 *et seq.*, and the Vietnam Era Veterans' Readjustment Assistance Act, 38 U.S.C. § 2011 *et seq.* For the reasons that follow, we affirm.

## I.

Harris filed this action against United States Postmaster General Anthony M. Frank ("Postmaster") on November 25, 1985, after the U.S. Postal Service refused to employ him. Harris received the assistance of appointed counsel, who filed a series of amended complaints.

The Postmaster moved for summary judgment, and the district court initially granted it. But upon reconsideration, the district court ruled Harris could proceed with claims based upon the two veterans' benefits statutes and allegations of racial and handicap discrimination. After the completion of discovery, the Postmaster again moved for summary judgment, which was granted, and Harris filed a timely *pro se* appeal.

Harris took the Postal Service's Motor Vehicle Operator's Examination in August 1982. In May 1983, he was contacted about a job at the post office in Royal Oak, Michigan. Harris was interviewed for the job, but an individual who had attained a higher exam score was offered the job first and accepted it. After learning he would not be hired, Harris visited the Royal Oak Post Office and, according to employees, acted in a threatening and belligerent manner. He made no attempt to complain through administrative procedures about not receiving the job.

In June 1983, Harris was notified about a job at the Detroit Post Office. He reported to the post office on June 30, 1983, for initial employment processing. However, because his application indicated he had been fired from his previous job for fight-

ing, and that his rank in the U.S. Army had been reduced because of fighting, Harris was told the Postal Service needed to conduct a more thorough investigation of his background before hiring him.[1] Nevertheless, Harris sought to attend an orientation for new employees, and became abusive and belligerent when Postal Service employees refused to process him as a new employee. In a letter dated April 30, 1984, the Postal Service informed Harris it would not hire him because of his employment history and his belligerent behavior at the Royal Oak and Detroit post offices.

This appeal presents the question of whether the district court erred in granting summary judgment for the Postmaster on Harris' claims based on the Veterans' Vocational Rehabilitation Act, the Vietnam Era Veterans' Readjustment Assistance Act, and Title VII of the Civil Rights Act of 1964.

## II.

Summary judgment is properly granted where the parties' dispute presents no genuine issue of material fact. Fed.R.Civ.P. 56(c). In considering a motion for summary judgment, the court must view all facts and inferences in the light most favorable to the nonmoving party. *S.E.C. v. Blavin,* 760 F.2d 706, 710 (6th Cir.1985). The moving party has the burden of showing the absence of genuine disputes over facts which, under the substantive law governing the issue, might affect the outcome of the action. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). "The disputed issue does not have to be resolved conclusively in favor of the non-moving party, but that party is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial." *60 Ivy Street Corp. v. Alexander,* 822 F.2d 1432, 1435 (6th Cir.1987).

## A.

Harris first argues that summary judgment was improperly granted because the Postmaster violated his rights under the Vietnam Era Veterans' Readjustment Assistance Act, 38 U.S.C. § 2011 *et seq.,* and the Veterans' Rehabilitation Act, 38 U.S.C. § 1500 *et seq.* The Postmaster asserts that neither of the veterans' statutes authorize private actions and, indeed, neither expressly provide for private enforcement. Therefore, we must first consider whether or not the statutes impliedly provide for private actions.

In determining whether a private right of action is implicit in a statute, courts consider: (1) whether the plaintiffs are members of the class for whose particular benefit the statute was intended; (2) whether the legislature intended to authorize private actions; (3) whether a federal cause of action would further the underlying purpose of the legislative scheme; and (4) whether the asserted private action is one traditionally reserved for state law, such that it would be inappropriate to infer a federal cause of action. *See Merrell Dow Pharmaceuticals, Inc. v. Thompson,* 478 U.S. 804, 106 S.Ct. 3229, 3234, 92 L.Ed.2d 650 (1986); *Cort v. Ash,* 422 U.S. 66, 78, 95 S.Ct. 2080, 2087, 45 L.Ed.2d 26 (1975) (the four-factor "*Cort* test").

The Vietnam Era Veterans' Readjustment Assistance Act ("VRA") requires employers who enter into certain contracts with the United States to have affirmative action programs for Vietnam veterans. 38 U.S.C. section 2012(a). The statute does not expressly provide for private actions; veterans who believe themselves to be victims of discrimination may complain to the Secretary of Labor, who enforces the VRA administratively. 38 U.S.C. section 2012(b).

Harris meets the first and fourth *Cort* factors, as he is a Vietnam veteran, and this is not an area traditionally relegated to

1. Postal Service officials explained in interviews that potential employees often go through pre-employment processing but are never hired. They admitted they should have noticed Harris' court-martial and dismissal for fighting before calling him in for pre-employment processing, but point out that despite their tardiness, Harris was never actually hired as a Postal Service employee.

state law. But he fails to satisfy the other two factors. First, the VRA expressly provides a remedy through an administrative enforcement scheme, and we note that courts should not expand statutes to provide various remedies where the legislature has expressly provided one. *See National R.R. Passenger Corp. v. National Ass'n of R.R. Passengers,* 414 U.S. 453, 458, 94 S.Ct. 690, 693, 38 L.Ed.2d 646 (1974). Second, neither the statutory language nor its legislative history indicate any congressional intent to have the VRA serve as the basis of a private right of action.[2] Third, implying a private right of action would conflict with the administrative scheme established by the VRA.

Our conclusion that the VRA does not impliedly authorize private actions is consistent with the two reported cases on this exact question. *See De Leon Cruz v. Loubriel,* 539 F.Supp. 250, 251 (D.P.R.1982); *Butler v. McDonnell-Douglas Saudi Arabia Corp.,* 93 F.R.D. 384 (S.D. Ohio 1981).[3]

### B.

■ Harris next argues that the Veterans' Vocational Rehabilitation Act, 38 U.S.C. § 1500 *et seq.* ("VVR"), provides for private actions. The Postmaster asserts that the VVR cannot serve as the basis for private actions for the same reasons given for the VRA. This question is one of first impression, but our analysis compels the conclusion that the VVR does not authorize private actions.

Harris claims that under the VVR, he is automatically entitled to federal employment. The statute, however, does not grant automatic employment rights. Rather, it authorizes the Veterans Administration to conduct vocational training and rehabilitation programs for veterans with service-connected disability. 38 U.S.C. § 1504. There is no suggestion in the language of the VVR or its legislative history that the statute guarantees federal employment or provides for private enforcement actions. *See* S.Rep. No. 96-746, 96th Cong., 2d Sess., *reprinted in,* 1980 U.S. Code Cong. & Admin. News 4555, 4564-90. Moreover, creating a private right of action to enforce the VVR would not be consistent with the overall legislative scheme.

### C.

Harris also alleged in his complaint that he was the victim of racial and handicap discrimination in violation of Title VII of the Civil Rights Act of 1964. Harris did not raise these issues in his *pro se* brief, and a cursory review indicates these claims are meritless.

■ Employment discrimination claims are analyzed in light of *Texas Dep't of Community Affairs v. Burdine,* 450 U.S. 248, 252-53, 101 S.Ct. 1089, 1093-94, 67 L.Ed.2d 207 (1981). For purposes of handicap discrimination, the *Burdine* test is modified as follows:

1) The plaintiff must establish a prima facie case by showing that he was an otherwise qualified handicapped person *apart from* his handicap, and he was rejected under circumstances which gave rise to the inference that his rejection was based solely on his handicap;

2) Once plaintiff establishes his prima facie case, defendants have the burden of going forward and proving that plaintiff was not an otherwise qualified handicapped person, that is one who is able to meet all of the program's requirements *in spite of* his handicap, or that his rejection from the program was for reasons other than his handicap.

*Jasany v. United States Postal Service,* 755 F.2d 1244, 1249 n. 5 (6th Cir.1985) (quoting *Pushkin v. Regents of Univ. Of*

---

**2.** While we consider all *Cort* factors, the second one—congressional intent—is the most significant. *See California v. Sierra Club,* 451 U.S. 287, 298, 101 S.Ct. 1775, 1781, 68 L.Ed.2d 101 (1981).

**3.** The Postmaster bolsters his case here by analogizing the VRA to the Rehabilitation Act of

1973, 29 U.S.C. § 791(b), which this court held did not provide for private actions until it was specifically amended by Congress to allow for them. *See Smith v. United States Postal Service,* 742 F.2d 257, 259 (6th Cir.1984). Because of our decision today, we need not consider this alternative argument.

*Colorado,* 658 F.2d 1372, 1386–87 (10th Cir. 1982)) (emphasis in original). The threshold element of a plaintiff's prima facie case is a showing that he is a "handicapped person" as defined by the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq. Jasany,* 755 F.2d at 1248 A handicapped person is one who "has a physical or mental impairment which substantially limits one or more of such person's major life activities...." 29 U.S.C. § 706(8)(B)(i).

Harris' claim never clears this threshold, as there is no evidence that he is "a handicapped person." Moreover, he has never alleged that any major life activities were "substantially limited" by his alleged asthma. Harris never produced *any* evidence that he was an "otherwise qualified" candidate who was rejected *solely* because of his handicap. The Postmaster has consistently asserted that Harris' record of on-the-job violence rendered him an undesirable employee. Harris has offered no evidence that the Postmaster's articulated reason for rejecting him was a pretext.

■ The *Burdine* analysis is essentially the same for allegations of racial discrimination. *Daniels v. Board of Educ. of Ravenna City School Dist.,* 805 F.2d 203, 207–08 (6th Cir.1986). The plaintiff must show that he belongs to a racial minority; he was a qualified applicant for a position for which the employer was seeking applications; and he was rejected under circumstances that give rise to an inference of racial discrimination. *Burdine,* 450 U.S. at 252–53, 101 S.Ct. at 1093–94.

Harris is a Black, and he applied for the position in question. But as discussed above, he has failed to present evidence that his rejection gives rise to an inference of discrimination. Harris has offered no evidence to contradict the Postmaster's assertion that he was denied the job at the Detroit Post Office because of his record of on-the-job fighting.[4]

---

**4.** Similarly, Harris has never offered any evidence to raise an inference of racial or handicap discrimination with regard to his failure to obtain the Royal Oak driver's job. Harris has never raised a genuine issue with respect to the

### III.

For the foregoing reasons, the judgment of the district court is AFFIRMED.

Postmaster's assertion that, as a matter of routine, the Postal Service first offers jobs to the applicants who earn the highest examination scores.