980 F.2d 731
 2 A.D. Cases 528
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Thomas SANFORD, Plaintiff-Appellant,
v.
Babe STERN, Stark County Sheriff, In his official and
individual capacity; Bruce Umpleby, Chief Deputy Sheriff,
Stark County Sheriff Department, In his official and
individual capacity; Bernard Kieffer, Sergeant, Stark
County Sheriff Department, in his official and individual
capacity, Defendants-Appellees.
 No. 92-3099.
 United States Court of Appeals, Sixth Circuit.
 Dec. 7, 1992.
 
 1
 Before ALAN E. NORRIS and SILER, Circuit Judges, and EDGAR, District Judge.*
 
 ORDER
 
 2
 Thomas Sanford, an Ohio citizen, appeals through counsel the judgment for defendants in this employment discrimination action filed under the Rehabilitation Act of 1973, 29 U.S.C. § 701 et seq., and 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a). The parties have also waived oral argument.
 
 
 3
 Sanford filed this complaint seeking reinstatement, compensatory and punitive damages, and attorney fees, alleging that the sheriff, deputy sheriff and a sergeant of the Stark County, Ohio, Sheriff's Department had discriminated against him on the basis of a handicap in violation of the Rehabilitation Act and 42 U.S.C. § 1983. Defendants filed an answer and motion to dismiss, followed by a motion for summary judgment with documentation in support. Sanford sought and was granted two extensions to respond to the motion for summary judgment, and was warned that further extensions would not be granted. On the final deadline for his response, he filed a motion to strike the motion for summary judgment and to compel discovery, alleging that he was unable to respond to the motion due to defendants' refusal to cooperate in discovery. Defendants then filed a motion to stay discovery, to which Sanford objected. The district court denied the motion to strike and to compel discovery, and also denied the motion to stay discovery as moot. It then entered its memorandum and order, first stating that it was granting defendants' motion for summary judgment, but later stating that it was dismissing the complaint for failure to state a claim under Fed.R.Civ.P. 12(b)(6). On appeal, Sanford argues that the district court erred in entering judgment before discovery was completed, and without notice to him of the grounds relied on.
 
 
 4
 Upon review, this court will treat the appeal as one from a summary judgment, regardless of the confusing nomenclature used by the district court in describing the disposition of the case. See Bell v. Chesapeake & Ohio Ry., 929 F.2d 220, 221-22 (6th Cir.1991). As such, the district court's judgment will be affirmed, as there is no genuine issue of material fact and defendants were entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The allegations in the complaint and the record show that Sanford does not have a handicap as defined in the Rehabilitation Act. He did not allege and the record does not show that he is substantially limited in a major life activity. See Harris v. Adams, 873 F.2d 929, 933 (6th Cir.1989). Rather, it appears that he is otherwise fit except for being under doctor's orders not to participate in the rigorous self-defense course required of corrections officers, which involves being thrown and falling to the floor, which would place too much stress on his knees. The inability to perform a particular job does not qualify as a handicap under the Act. See Jasany v. U.S. Postal Service, 755 F.2d 1244, 1250 (6th Cir.1985). Moreover, the record shows that defendants are not responsible for furnishing or processing applications for deputy sheriff. Under Ohio law, such applications are available from and processed by the Ohio Department of Administrative Services. Based on the record, defendants were entitled to summary judgment.
 
 
 5
 Sanford's argument that he was not allowed to complete discovery is unavailing, as there was no showing that discovery would have disclosed any disputed material facts. See Chilingirian v. Boris, 882 F.2d 200, 203 (6th Cir.1989). Much of the information sought in Sanford's discovery requests was provided with defendants' motion for summary judgment. It is not apparent that defendants were in exclusive possession of any information regarding Sanford's alleged disability, or that any information would have been relevant to the fact that defendants were not responsible for processing applications for deputy sheriff. Sanford's reliance on Tingler v. Marshall, 716 F.2d 1109, 1110 (6th Cir.1983) and Morrison v. Tomano, 755 F.2d 515 (6th Cir.1985) (per curiam) is also misplaced, as those cases found improper sua sponte dismissals before service on the defendant and without providing the plaintiff an opportunity to respond. The order in this case was not sua sponte, but was preceded by an answer and motion to dismiss and a motion for summary judgment which included the grounds relied on by the district court. Sanford did not lack notice of these defenses and did not require further discovery to respond. Accordingly, the district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable R. Allan Edgar, U.S. District Judge for the Eastern District of Tennessee, sitting by designation