Patrick MADDEN, Plaintiff,

v.

Marvin RUNYON, Jr., Defendant.

Civ. A. No. 94–3754.

United States District Court, E.D. Pennsylvania.

Aug. 30, 1995.

Patrick J. Madden, Wynnewood, PA, pro se.

Suzanne M. Bohannon, U.S. Postal Service, Philadelphia Field Office Law Dept., Philadelphia, PA, Robert L. Sawicki, Special Assistant U.S. Attorney Law Dept., Philadelphia Field Office, Philadelphia, PA, for defendant.

## MEMORANDUM AND ORDER

ANITA B. BRODY, District Judge.

Before me is defendant's motion for summary judgment. Plaintiff Patrick Madden ("Madden") is a *pro se* litigant who alleges that the Postal Service discriminated against him and violated his constitutional and statutory rights. Defendant Marvin Runyon, Jr. ("Runyon") is the Postmaster General. I construe Madden's complaint, which consists of a single paragraph, to allege the ten causes of action listed below. I also indicate my disposition on Runyon's motion for summary judgment as to each:

1. Retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, ("Title VII") (granted in part; denied in part);

2. Discrimination in violation of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 *et seq.*, ("ADEA") (granted);

3. Discrimination in violation of the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 791 *et seq.*, ("Rehabilitation Act") (denied);

4. Civil rights infractions in violation of Title 42 U.S.C. § 1983 (granted);

5. Failure to comply with the Vietnam Era Veteran's Readjustment Assistance Act of 1974, as amended, 38 U.S.C. § 4211 *et seq.*, ("VEVRA") (denied);

6. Reprisal in violation of the Whistleblower Protection Act of 1989, 5 U.S.C. § 1201, *et seq.*, ("WPA") (granted);

7. Failure to provide requested information in violation of the Freedom of Information Act, 5 U.S.C. § 552, ("FOIA") (granted);

8. Disclosure in violation of the Privacy Act, 5 U.S.C. § 552a, ("Privacy Act") (granted);

9. Defamation, slander, and libel claim for statements made about plaintiff (granted); and

10. Misuse of legal process claim for bringing false charges against plaintiff (granted).

Madden's Title VII claim, to the extent he alleges retaliation in 1992 and continuing retaliation occurring after 1984, still remains; as to all other Title VII claims Runyon's motion for summary judgment is granted. I will deny summary judgment on Madden's VEVRA and Rehabilitation Act claims without prejudice to raise the same issues at the time of trial.

## PROCEDURAL HISTORY

On April 28, 1995 Runyon filed a motion for summary judgment. On May 10, 1995, after Madden failed to respond to the motion, I notified Madden that I would treat Runyon's motion as uncontested unless Madden filed a response or produced factual evidence that raised genuine issues of material fact. On May 30, 1995 Madden filed his responses to Runyon's interrogatories but excluded the actual interrogatories. Since Madden has provided limited factual evidence about his claim, I rely to a large extent on Runyon's submissions to develop the factual record at this stage of the litigation.

Madden is a fifty-six year old man employed by the United States Postal Service as a postal inspector. (Def.'s Motion for Summary Judgment at 2.) Madden served in the armed forces from 1962 through 1964, and joined the Postal Service as a postal carrier in May 1968. (*Id.*) In 1970 the Postal Service appointed Madden to the position of postal inspector, and in 1977 Madden was promoted to employment level EAS–23. (*Id.*) On June 8, 1992, following two and one-half years of performance ratings designated as "unacceptable," the Postal Service demoted Madden from employment level EAS–23 to employment level EAS–21. (Def.'s Motion for Summary Judgment at 2–8.) In June 1993 the Postal Service reinstated Madden to employment level EAS–23. (*Id.* at 8.) Prior to being reinstated, Madden appealed the demotion to the Merit Systems Protection Board ("MSPB") which upheld the

demotion. (*Id.* at 8.) In September 1993 Madden appealed the MSPB decision to the Equal Employment Opportunity Commission ("EEOC") which concurred with the MSPB and found no discrimination. (EEOC's 4/28/94 Decision at 9.) On June 17, 1994 Madden initiated this law suit claiming that his demotion was retaliatory and part of a conspiracy to force him to resign. (*See* Complaint & attached documents.) Runyon contends that the demotion was not retaliatory but prompted by Madden's "unacceptable" performance ratings. (Def.'s Motion for Summary Judgment at 6–7.)

Madden's complaint is a single paragraph that states:

> From 1979 to the present, my Civil Rights have been violated relative to Age, Reprisal, & Disability Discrimination, including Title 42 USC 1983; Title 38 USC 2014; Title 5 CFR 720; Whistleblowing Act; Freedom of Information Act/Privacy Act (5 USC 552); Defamation of Character, slander and libel; Misuse of the legal process; Interference with personal rights, causing mental suffering and bodily injury; and a conspiracy to deprive me of Civil rights including freedom from fear, harassment and injury in my employment which has been inflicted to force me to resign from the U.S. POSTAL SERVICE.

(Complaint at 1–2.) Madden seeks dismissal of all false charges against him, placement at his "correct" employment status retroactive to 1980, full disclosure of all relevant information, testimony of employees under oath, compliance with the Vietnam Era Veteran's Readjustment Assistance Act, and $10,000,000 in damages. (Complaint at 2.) [1] Relying on Madden's complaint, the documents attached to it, the excerpts from Madden's deposition attached to Runyon's motion for summary judgment, and Madden's answers to Runyon's interrogatories, I interpret Madden's complaint to allege ten causes of action: a Title VII claim; an ADEA claim; a Rehabilitation Act claim; a 42 U.S.C. § 1983 claim; a VEVRA claim; a WPA claim; a FOIA claim; a Privacy Act claim; a defamation, libel, and slander claim; and a misuse of legal process claim. Although Madden's claims appear to focus primarily on the demotion he received in June 1992, during his deposition Madden explained that his "discrimination" claims are also based on a) his denial of opportunity to be team leader in 1984, b) his denial of promotion in 1981, and c) his denial of training in 1978. (Def.'s Motion for Summary Judgment Ex. A at 39, 43–44.) In addition, Madden repeatedly refers to his criticism of a 1977 post office burglary investigation as the source or starting point of the discrimination he has suffered. (*See* Complaint and attached documents.)

## DISCUSSION

Federal Rule of Civil Procedure Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,*

---

1. Attached to Madden's complaint are the following:

 1. EEOC's April 28, 1994 decision finding no discrimination against Madden for his 1992 demotion;

 2. Madden's June 25, 1992 Merit Systems Protection Board appeal form for his 1992 demotion;

 3. Regional Chief Inspector Weaver's June 8, 1992 letter of decision upholding Madden's 1992 demotion;

 4. Madden's February 8, 1991 affidavit claiming reprisal for a one week suspension;

 5. Madden's August 17, 1984 letter to the Postmaster General requesting Assistant Inspector Swagerty's October 20, 1980 report pursuant to the Freedom of Information Act;

 6. Assistant Inspector Swagerty's October 20, 1980 report;

 7. Madden's June 5, 1980 report detailing investigation of January 13, 1979 burglary of the Souderton, PA Post Office;

 8. Madden's June 30, 1981 report detailing scuffle between Madden and Inspector McManus on June 18, 1981;

 9. Madden's February 22, 1982 personal injury report; and

 10. Madden's June 13, 1993 petition for review of the Merit Systems Protection Board's April 22, 1993 decision finding no discrimination against Madden for his 1992 demotion.

**222**

477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The non-moving party "must set forth specific facts showing a genuine issue for trial and may not rest upon mere allegations, general denials, or ... vague statements." *Quiroga v. Hasbro, Inc.,* 934 F.2d 497, 500 (3d Cir.), *cert. denied,* 502 U.S. 940, 112 S.Ct. 376, 116 L.Ed.2d 327 (1991). On a motion for summary judgment, however, I must view the evidence in the light most favorable to the non-moving party. *Mellon Bank Corp. v. First Union Real Estate Equity & Mortgage Invs.,* 951 F.2d 1399, 1404 (3d Cir.1991).

*Title VII Retaliation Claim*

 In support of his Title VII retaliation claim, Madden contends that the Postal Service demoted him in 1992 as a reprisal for EEOC complaints he filed in 1984, 1985, 1986, 1988, 1989, 1990, and 1991. (Pl.'s Answer to Interrogatory 18.) To establish a prima facie case for retaliation under Title VII, a plaintiff must demonstrate that a) he or she engaged in a protected activity, b) that he or she was the subject of adverse employment action subsequent to or contemporaneously with such activity, and c) a causal link exists between the activity and the adverse action. *Jalil v. Avdel Corp.,* 873 F.2d 701, 708 (3d Cir.1989), *cert. denied,* 493 U.S. 1023, 110 S.Ct. 725, 107 L.Ed.2d 745 (1990). Once a plaintiff establishes a prima facie case, the burden shifts to defendant to advance a legitimate, nonretaliatory reason for the adverse action. *Id.* The plaintiff still has the ultimate burden of proof of retaliation, however, and if the defendant advances a legitimate, nonretaliatory reason, the plaintiff must show that defendant's proffered reason is merely pretext. *Id.*

 Runyon contends that Madden has failed to establish a *prima facie* case for retaliation because Madden cannot establish a causal connection between his 1992 demotion and his EEOC complaints. (Def.'s Motion for Summary Judgment at 19.) Although Madden failed to respond to Runyon's argument, a causal link "may be demonstrated by evidence of circumstances that justify an inference of retaliatory motive, such as protected conduct closely followed by adverse action." *Oliver v. Bell Atlantic*

*Corp.,* No. 92–CV–751, 1994 WL 315829, at *2 (E.D.Pa. June 30, 1994) (quoting *Burrus v. United Tel. Co.,* 683 F.2d 339, 343 (10th Cir.), *cert. denied,* 459 U.S. 1071, 103 S.Ct. 491, 74 L.Ed.2d 633 (1982)). A causal link can exist even if significant time has elapsed between the protected conduct and the adverse employment action. *Oliver,* 1994 WL 315829, at *2. *See Robinson v. Southeastern Pa. Transp. Auth.,* 982 F.2d 892, 894–95 (3d Cir.1993) ("The mere passage of time is not legally conclusive proof against retaliation."). Madden filed EEOC complaints in 1984, 1985, 1986, 1988, 1989, 1990, and 1991, but Runyon has produced no evidence as to the content or resolution of the 1990 or 1991 EEOC complaints. Viewed in the light most favorable to Madden as the non-moving party, Runyon's bald assertion that no causal connection exists between Madden's EEOC complaints and his demotion is insufficient to warrant summary judgment in Runyon's favor.

 Runyon also contends that even if Madden can establish a *prima facie* case, Madden's two and one-half years of "unacceptable" performance ratings is a legitimate, nonretaliatory reason for Madden's demotion. (Def.'s Motion for Summary Judgment at 21–22.) Madden contends that the "unacceptable" ratings were themselves an act of reprisal and unmerited. (Pl.'s 6/17/93 Petition for MSPB Review at 9.) To rebut a defendant's proffered nonretaliatory reason at the summary judgment stage, a plaintiff must submit evidence that a) casts sufficient doubt upon the defendant's proffered reason so that a factfinder could reasonably conclude that the reason was fabrication or b) allows the factfinder to infer that discrimination was more likely than not a motivating or determinative cause of the adverse employment action. *Fuentes v. Perskie,* 32 F.3d 759, 762 (3d Cir.1994). Madden's reinstatement to employment level EAS–23 one year after his demotion, his contention that the performance evaluations themselves are retaliatory, and the fact that the evaluation process was conducted by those Madden accuses of discrimination, provides sufficient evidence from which a jury could conclude that retaliation, rather than work perfor-

mance, was more likely than not a motivating factor in his demotion. This evidence, in conjunction with the lack of a fully developed factual record and the temporal proximity of Madden's most recent EEOC complaints, precludes me from granting summary judgment in Runyon's favor on this claim.[2]

### ADEA Claim

Madden alleges that he suffered age discrimination when he was demoted in 1992, when he was denied an opportunity to be team leader in 1984, when he was denied a promotion in 1981, and when he was denied training in 1978. To establish a prima facie case for age discrimination, a plaintiff must establish that a) he or she is over forty years of age, b) he or she is qualified for the position in question, c) he or she suffered an adverse employment action, and d) a sufficiently younger person obtained the position in question or was not subjected to the adverse action. *Sempier v. Johnson & Higgins*, 45 F.3d 724, 728 (3d Cir.1995). Once the plaintiff establishes a prima facie case, the burden shifts to the employer to offer a nondiscriminatory reason for the adverse action. *Id.* If the employer offers such a

reason, the plaintiff then has the burden of showing that the employer's proffered reasons are pretext. *Id.* To defeat a summary judgment motion based on a nondiscriminatory reason, a plaintiff must show evidence that establishes a reasonable inference that the employer's proffered reason is unworthy of credence. *Id.*

With the exception of the 1978 denial of training, Madden has failed to establish a *prima facie* case because he has failed to offer any evidence that younger employees received more favorable treatment. The record is devoid of any evidence or allegation that younger employees received more favorable treatment. Madden's only reference to younger employees is that "younger inspectors entered into a conspiracy against me," (Pl.'s 2/8/91 Affidavit at 3–4), but he fails to allege that the Postal Service treated these younger inspectors more favorably.

Although Madden mentions that he was denied training in 1978 while an inspector below the age of forty received the training, Madden's age discrimination claim based on this 1978 incident is barred by the statute of limitations and/or failure to exhaust administrative remedies. Prior to bringing a claim

2. Runyon contends that any claim based on events prior to 1992 is barred by the statute of limitations or failure to exhaust administrative remedies. (Def.'s Motion for Summary Judgment at 11–14.) To the extent that Madden bases his Title VII claim on the denials in 1984, 1981, or 1978, he fails to allege that these denials were in retaliation for an activity protected under Title VII. *See* 42 U.S.C. § 2000e–3 (protecting against retaliation for opposing "any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter."). Because Madden neglected to file an MSPB appeal or EEOC complaint until after the 1984 denial, the 1984, 1981, and 1978 denials do not stem from any EEOC activity. I will grant summary judgment in favor of defendant on any Title VII claim based on the 1984, 1981, or 1978 denials.

Ordinarily, the failure to pursue administrative remedies or file with the district court in a timely fashion precludes a plaintiff from subsequently pursuing a claim after the applicable time periods have expired. *See Ostapowicz v. Johnson Bronze Co.*, 541 F.2d 394, 398 (3d Cir.1976), *cert. denied*, 429 U.S. 1041, 97 S.Ct. 741, 50 L.Ed.2d 753 (1977) (prior to bringing Title VII claim in

district court plaintiff must file charges with EEOC). Under the continuing violation theory, however, a plaintiff may pursue a claim for discriminatory conduct even though he or she failed to timely file for that specific incident if he or she can demonstrate that the discriminatory action is part of an ongoing practice or pattern of discrimination. *West v. Philadelphia Elec. Co.*, 45 F.3d 744, 754 (3d Cir.1995). To establish a claim under the continuing violation theory, a plaintiff must establish that at least one discriminatory act occurred within the applicable filing period and that the discrimination is "more than the occurrence of isolated or sporadic acts of intentional discrimination." *Id.* at 754–55 (quoting *Jewett v. International Tel. & Tel. Corp.*, 653 F.2d 89, 91 (3d Cir.), *cert. denied*, 454 U.S. 969, 102 S.Ct. 515, 70 L.Ed.2d 386 (1981). In his summary judgment motion defendant concedes that the 1992 demotion is not procedurally barred but fails to address whether the earlier denials are related to the 1992 demotion. (Def.'s Motion for Summary Judgment at 14.) Plaintiff's complaint and affidavits, on the other hand, refer to an ongoing campaign of discrimination against him. (*See* Complaint and attached documents). To the extent Madden is pursuing a continuing violation theory, I will deny Runyon's summary judgment motion on any Title VII claim based on events that occurred after 1984.

in district court under the ADEA, a plaintiff must first either file a complaint with the EEOC or within 180 days of the alleged discrimination, and having providing the EEOC with thirty days notice of intent to sue, file an action directly in federal court. 29 U.S.C. § 633a(c) & (d). Madden concedes that he failed to pursue administrative remedies for the denials in 1978, and as he alleges the event occurred in 1978, more than 180 days have elapsed since the alleged discrimination. (Def.'s Motion for Summary Judgment Ex. A at 22, 39; Pl.'s Answers to Interrogatory 18). The failure to pursue administrative remedies or to timely file an action in district court prevents the 1978 denial from serving as a basis for his present ADEA claim. Since Madden fails to allege that younger employees received more favorable treatment in 1992, 1984, and 1981, and since he concedes that he failed to pursue administrative remedies for the denial in 1978 and the event occurred more than 180 days ago, I will grant summary judgment in favor of defendant on Madden's ADEA claim.

### Rehabilitation Act Claim

 Madden's Rehabilitation Act claim arises from his treatment after suffering personal injury in a car accident. Following a car accident in 1991, Madden's doctor directed him to attend physical therapy three times a week. (Pl.'s 6/17/93 Petition for MSPB Review at 3.) Madden attended physical therapy sessions during the day until a postal supervisor directed Madden to switch his physical therapy from morning sessions to evening sessions. (*Id.* at 3–4.) Madden complied with this instruction and suffered back spasms. (*Id.*)

 To establish a prima facie case under the Rehabilitation Act against the Postal Service, a plaintiff must establish that a) he or she is an "individual with a disability," b) he or she is "otherwise qualified" for the position, and c) he or she was excluded from the position sought or suffered adverse employment action solely by reason of the disability. *Strathie v. Department of Transp.,*

716 F.2d 227, 230 (3d Cir.1983). *See also Antol v. Perry*, No. 94–CV–1282, 1995 WL 353947 (W.D.Pa. Mar. 31, 1995) (discussing requirements for claim that federal agency failed to promote individual with disabilities). The term "individual with a disability" is defined as any individual who has a physical or mental disability which for such individual constitutes or results in a substantial impediment to employment or an individual who has a physical or mental impairment which substantially limits one or more of such person's major life activities, has a record of such impairment, or is regarded as having such an impairment. 29 U.S.C. § 706(8)(A) & (B). Major life activities are defined to include walking. 29 C.F.R. § 1613.702(c).

Runyon contends that Madden fails to establish a *prima facie* case because he is not an individual with a disability. (Def.'s Motion for Summary Judgment at 24–25.) According to Runyon, Madden's injuries do not substantially limit one or more major life activities, and in support of this assertion Runyon cites to pages 71 and 90 of Madden's deposition. (*Id.* at 25.) Pages 71 and 90, however, are not attached to Runyon's motion for summary judgment. In addition, Madden states that a "major life activity which has been limited at times has been that of walking." (Pl.'s Answer to Interrogatory 5.) Since Runyon has failed to establish that no issues of material fact exist, I will deny summary judgment on this claim without prejudice to Runyon to raise the same issue at the time of trial.

### 42 U.S.C. § 1983 Claim

 In his complaint Madden alleges that his "civil rights have been violated relative to age, reprisal, & disability discrimination, including 42 U.S.C. § 1983." (Complaint at 1.) Madden's § 1983 claim appears to be that the Postal Service discriminated against him on the basis of age, retaliation, and disability. The availability of statutory remedies for these claims, however, precludes Madden from seeking redress pursuant to § 1983 or a *Bivens* action.[3] *See Tay-*

---

3. Madden brings this action against the Postal Service, a federal agency. Section 1983, however, only creates a cause of action against state, not federal, actors. *American Science & Engi-*

*neering, Inc. v. Califano,* 571 F.2d 58 (1st Cir. 1978). Because Madden is a *pro se* litigant, I will consider his § 1983 claim to assert a *Bivens* claim. *See Bivens v. Six Unknown Named Agents*

lor v. Garrett, et al., No. 90–CV–2164, 1992 WL 245933 (E.D.Pa. Sept. 11, 1992). The exclusive remedy for federal employment retaliation discrimination is Title VII, *Brown v. General Servs. Admin.*, 425 U.S. 820, 835, 96 S.Ct. 1961, 1969, 48 L.Ed.2d 402 (1976); the exclusive remedy for federal employment age discrimination is the ADEA, *Purtill v. Harris*, 658 F.2d 134, 137 (3d Cir.1981), *cert. denied*, 462 U.S. 1131, 103 S.Ct. 3110, 77 L.Ed.2d 1365 (1983); and the exclusive remedy for federal handicap discrimination is the Rehabilitation Act. *Taylor*, 1992 WL 245933, at *5. Madden's § 1983/*Bivens* claim merely mirrors his claims under Title VII, the ADEA, and the Rehabilitation Act. Since Title VII, the ADEA, and the Rehabilitation Act provide plaintiff a statutory means to pursue his claims, I will grant summary judgment in favor of Runyon on Madden's § 1983/*Bivens* claim.

### Vietnam Era Veteran's Readjustment Assistance Act Claim

■ Madden's VEVRA claim stems from his status as a Vietnam veteran with a knee disability incurred while in the service. Madden discussed VEVRA with his supervisors but was unable to obtain any "positive action or commitment" about his rights under VEVRA. (Pl.'s 6/17/93 Petition for MSPB Review at 2.) Whether 38 U.S.C. § 4214 creates a private cause of action is a question of first impression in the Third Circuit.[4] In *Antol v. Perry*, No. 94–CV–1282, 1995 WL 353947 (W.D.Pa. Mar. 31, 1995), a district court in the Western District of Pennsylvania held that § 4214 does not create a private cause of action. *But see Blizzard v. Dalton*, No. 94–CV–984, 1995 WL 63325 (E.D.Va. Feb. 14, 1995) (holding VEV-

RA § 4214(c) creates private cause of action). At present, the *Antol* decision is on appeal to the Third Circuit. Since the issue of whether § 4214 creates a private cause of action is currently on appeal to the Third Circuit, I will deny Runyon's summary judgment motion on this claim without prejudice to raise again at trial.

### Whistleblower Protection Act Claim

■ Madden's WPA claim appears to arise from Madden's allegations that the Postal Service has retaliated against him for criticism of several fellow postal inspectors' handling of postal robberies in 1977 and 1979 and for his EEOC complaints. The Whistleblower Protection Act, 5 U.S.C. § 1201, *et seq.*, however, does not apply to the Postal Service. 5 U.S.C. § 2302(a)(2)(C); *Booker v. Merit Systems Protection Bd.*, 982 F.2d 517, 519 (Fed.Cir.1992), *cert. denied*, —— U.S. ——, 114 S.Ct. 178, 126 L.Ed.2d 137 (1993). Since the Postal Service is not subject to the WPA, I will grant summary judgment in favor of Runyon on this claim.

### Freedom of Information Act Claim

■ Madden's FOIA claim arises from a 1984 request for an investigatory report. In 1982 Madden requested a copy of an investigatory report relative to the Souderton Post Office burglary. (Letter from Madden to Postmaster General Bolger (8/17/84).) Believing that he had received a "sanitized" version of the report, Madden requested a copy of the report under the Freedom of Information Act in 1984. (*Id.*) Madden's FOIA claim, however, is barred either by failure to exhaust administrative remedies or by the applicable statute of limi-

---

*of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).*

**4.** The VEVRA section in issue states:

Each agency shall include in its affirmative action plan for the hiring, placement, and advancement of handicapped individuals in such agency as required by § 501(b) of the Rehabilitation Act (29 U.S.C. 791(b)), a separate specification of plans (in accordance with regulations which the Office of Personnel Management shall prescribe in consultation with the Secretary, the Secretary of Labor, and the Secretary of Health and Human Services, consis-

tent with the purposes, provisions, and priorities of such Act) to promote and carry out such affirmative action with respect to disabled veterans in order to achieve the purpose of this section.

38 U.S.C. § 4214(c). Other circuits have concluded that no private cause of action exists under 38 U.S.C. § 4212. (Section 4212 addresses employment under federal contracts while § 4214 addresses employment within the federal government.) *See Harris v. Adams*, 873 F.2d 929, 931 (6th Cir.1989); *Barron v. Nightingale Roofing, Inc.*, 842 F.2d 20, 21 (1st Cir.1988).

tations. Under the FOIA, a plaintiff must exhaust the administrative process outlined in 5 U.S.C. § 552(a)(6)(A)(i) & (ii) prior to filing an action in district court. *Oglesby v. United States Dept. of the Army*, 920 F.2d 57, 61 (D.C.Cir.1990). Madden has made no showing that he exhausted his administrative remedies prior to filing this action. *See Lindsey v. Burns*, No. 94–CV–5138, 1995 WL 364073, at *2 (D.C.Cir. May 11, 1995) (holding failure to produce evidence of administrative exhaustion is sufficient grounds to dismiss FOIA claim). Although FOIA claims require administrative exhaustion prior to commencing an action in district court, the administrative process may be deemed constructively exhausted if the agency fails to respond to the FOIA request within ten days of receipt of the request. *Oglesby*, 920 F.2d at 63. If the agency served with the FOIA request fails to respond to the request within ten days of receipt of the request, a plaintiff may bring an action directly in a district court and the six year statute of limitations period begins to run at the expiration of the ten day period. *Id.* Madden made his FOIA request in 1984 and filed this action in 1994. If the agency failed to respond to his request within the ten day period in 1984, the administrative process would be deemed exhausted but the six year statute of limitations would have expired in 1990, four years prior to the commencement of the present action. Since Madden's FOIA claim is barred by either failure to exhaust administrative remedies or the six year statute of limitations, I will grant summary judgment in favor of Runyon on this claim.

### Privacy Act Claim

In support of his Privacy Act claim, Madden states that the defendant is "suspected [of] publishing and compromising my EEOC files and medical records to unauthorized person and organizations." (Pl.'s Answer to Interrogatory 20.) To maintain a suit under the Privacy Act a plaintiff must "advance evidence to support a jury's finding of four necessary elements: 1) the information is covered by the Act, 2) the agency disclosed the information, 3) the disclosure had an adverse effect on the plaintiff, and 4) the disclosure was willful or intentional."

*Quinn v. Stone*, 978 F.2d 126, 131 (3d Cir. 1992). Since Madden fails to advance any evidence that the Postal Service disclosed any protected information and only alleges that he "suspects" his EEOC complaints and medical records were disclosed, I will grant summary judgment in favor of Runyon on this claim.

### State Tort Claims

Madden's defamation, slander, and libel claims arise from the Postal Service's alleged publishing false statements about him. Specifically, on December 5, 1991 Postal Inspector Robert Hazelwood in the presence of "AIC Frank Lynch repeatedly accused me [Madden] of being 'Psychotic.'" (Pl.'s Answer to Interrogatory 21.) Madden's misuse of legal process claim arises from allegedly false charges brought against Madden and a settlement offer in which a Postal Service attorney told Madden that the "unacceptable" work charges against him would be dropped if he resigned. (Pl.'s Answer to Interrogatory 22.)

Although the Federal Tort Claims Act ("FTCA") creates a narrow waiver of sovereign immunity, the FTCA preserves sovereign immunity against claims arising out of libel and slander. 28 U.S.C. § 2680(h); *Accardi v. United States*, 435 F.2d 1239, 1240 (3d Cir.1970). Since the United States and its agencies are immune from tort suits unless Congress waives sovereign immunity, I will grant summary judgment to Runyon on Madden's defamation, slander, and libel claims. The FTCA does waive sovereign immunity "with regard to acts or omissions of investigative or law enforcement officers of the United States Government" for claims arising out of abuse of process, 28 U.S.C. § 2680(h), but prior to instituting an action in district court against a federal agency for personal injury damages, a plaintiff must first present the claim to the appropriate federal agency and have the claim denied by the agency. 28 U.S.C. § 2675; *McNeil v. United States*, —— U.S. ——, —— – ——, 113 S.Ct. 1980, 1983–84, 124 L.Ed.2d 21 (1993). Madden has made no showing that he presented his abuse of pro-

cess claim to the Postal Service or that the Postal Service denied his claim prior to filing this action. Since Madden has failed to comply with the FTCA, I will grant summary judgment in favor of Runyon on Madden's misuse of legal process claims.

## CONCLUSION

Relying on the limited information Madden has provided, I have construed Madden's complaint to allege ten causes of action. I will grant summary judgment in favor of Runyon on all but three of Madden's claims: Madden's ADEA; § 1983; WPA; FOIA; Privacy Act; defamation, slander, and libel; and misuse of legal process claims are dismissed. Madden's Title VII claim, to the extent he alleges retaliation in 1992 and continuing retaliation occurring after 1984 still remains; as to all other Title VII claims Runyon's motion for summary judgment is granted. In addition, Madden's VEVRA and Rehabilitation Act claims still remain.