**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 24 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

ISAAC SUAZO,

      Plaintiff-Appellant,

v.

REGENTS OF UNIVERSITY OF
CALIFORNIA, doing business as
Los Alamos National Laboratory,

      Defendant-Appellee.

No. 97-2211
(D.C. No. CIV-95-1142-BB)
(D. N.M.)

**ORDER AND JUDGMENT** [*]

Before **BALDOCK** , **EBEL** , and **MURPHY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore

ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff appeals the district court's grant of summary judgment in favor of defendant on plaintiff's claims of discrimination, filed pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2000e-17. Plaintiff, who is Hispanic, claims that his employer discriminated against him based on his race because he was not promoted to the position of section leader. Defendant chose, instead, to promote Steven Hanson, who is not Hispanic.

We review the district court's grant of summary judgment de novo and will affirm if there is no dispute regarding material facts and the moving party is entitled to judgment as a matter of law. See Reynolds v. School Dist. No. 1, 69 F.3d 1523, 1531 (10th Cir. 1995). We construe the record in the light most favorable to plaintiff, but, once defendant shows it is entitled to judgment, plaintiff must show specific facts demonstrating a genuine issue for trial as to material matters for which he carries the burden of proof. See id. Guided by these standards, we affirm.

Plaintiff focuses much of his attention in his brief on appeal on arguing that his affidavit and his deposition testimony are not inconsistent and that the district court was required to consider his affidavit at face value. Plaintiff's arguments in this regard are unnecessary. Even though it noted the apparent inconsistency between the affidavit and deposition, the district court did, in fact, properly

consider and accept plaintiff's affidavit. See Appellant's App. at 156 n.6. Accordingly, we will also consider plaintiff's affidavit.

Plaintiff stated in his affidavit that his supervisor told him that he was not promoted because he spent "too much time on Naval Reserves." Id. at 106. Plaintiff also argues that defendant's Affirmative Action/Equal Employment Opportunity statement, which creates a preference for Vietnam veterans, presents a question of fact as to its meaning and effect on defendant's decision not to promote plaintiff. On appeal, plaintiff argues that his affidavit precludes summary judgment because it creates a genuine issue of material fact as to why he was not chosen for the promotion. [1]

The district court held, and we agree, that plaintiff established a prima facie case of discrimination. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). In response, defendant articulated a legitimate non-discriminatory reason for not promoting plaintiff to section leader, namely, that Steven Hanson was more qualified for the position. See id. We also agree with the district court that the evidence supports this finding. The burden then shifted to plaintiff to show that defendant's proffered reason was merely pretextual. See id. at 804.

---

[1] On appeal, plaintiff does not pursue his First Amendment claim or his claim of discrimination for failure to promote him to the position of group leader. We, therefore, consider these issues waived. See State Farm Fire & Cas. Co. v. Mhoon, 31 F.3d 979, 984 n.7 (10th Cir. 1994).

It is for this purpose that plaintiff points to his affidavit statement that the decision not to promote plaintiff was not because Steven Hanson was more qualified, but was based on plaintiff's participation in the Naval Reserves. [2]

Plaintiff's burden to establish pretext is not satisfied by allegations alone. Plaintiff can meet his burden of presenting enough evidence to support an inference that defendant's reason was merely pretext by showing either that "a discriminatory reason more likely motivated [defendant] or . . . that [defendant's] proffered explanation is unworthy of credence." Texas Dep't of Community Affairs v. Burdine , 450 U.S. 248, 256 (1981). "In a summary

---

[2] We note that plaintiff's complaint alleges discrimination based only on his race, except for the following paragraph:

> Employer, Los Alamos National Laboratory had, at all times material to these claims, Affirmative Action/Equal Employment Opportunity policy statements in place to undertake the advancement and promotion of minorities and Vietnam era veterans.

Appellant's App. at 3. This is the only allegation regarding veteran status; nowhere in his complaint does plaintiff even allege that defendant discriminated against him based on his veteran status. Further, even if plaintiff had made such an allegation, and even if plaintiff could establish that defendant illegally discriminated against him based on his participation in the Naval Reserves, we fail to see how participation in the Naval Reserves implicates veteran status in any way. Plaintiff's affidavit statement regarding the time he spent in the Naval Reserves is simply unconnected to his original allegations of discrimination based on race or, reading his complaint liberally, his status as a Vietnam veteran. We will, nonetheless, address plaintiff's arguments on appeal as they relate to these two areas of discrimination.

judgment setting, the plaintiff must raise a genuine factual question as to whether defendant[']s reasons are pretextual." Drake v. City of Fort Collins, 927 F.2d 1156, 1160 (1991).

Plaintiff has presented no evidence that a discriminatory reason motivated defendant to promote Steven Hanson over plaintiff, and neither has plaintiff presented competent evidence that defendant's articulated reason for not promoting plaintiff is unworthy of belief. Nowhere in the record does plaintiff even deny that he spent too much time on the Naval Reserves, let alone present any evidence as to how much time he did spend. Summary judgment on plaintiff's Title VII claim was appropriate.

In response to plaintiff's argument regarding defendant's noncompliance with its Affirmative Action/Equal Employment Opportunity statement, we join the other courts that have addressed the issue and hold that plaintiff has no private right of action under either the Vietnam Era Veterans' Readjustment Assistance Act (VEVRA), 38 U.S.C. §§ 4211-4214, or Executive Order No. 11,246, *reprinted in* 42 U.S.C. § 2000e note. See Antol v. Perry, 82 F.3d 1291, 1296-98 (3d Cir. 1996) (VEVRA); Wikberg v. Reich, 21 F.3d 188, 189 (7th Cir. 1994) (VEVRA); Harris v. Adams, 873 F.2d 929, 931-32 (6th Cir. 1989) (VEVRA); Barron v. Nightingale Roofing, Inc., 842 F.2d 20, 21-22 (1st Cir. 1988) (VEVRA); Utley v. Varian Assocs., Inc., 811 F.2d 1279, 1284-86 (9th Cir. 1987)

(EO 11,246); Cohen v. Illinois Inst. of Tech., 524 F.2d 818, 822 n.4 (7th Cir. 1975) (EO 11,246); see also, e.g., Lohf v. Runyon, No. 96-4088-RDR, 1998 WL 156894, at *7 (D. Kan. Mar. 6, 1998); Philippeaux v. North Cent. Bronx Hosp., 871 F. Supp. 640, 648 (S.D.N.Y. 1994) (holding that VEVRA does not provide direct private right of action, nor does 42 U.S.C. § 1983 provide indirect private right of action), aff'd 104 F.3d 353 (2d Cir. 1996) (table); Brace v. Ohio State Univ., 866 F. Supp. 1069, 1073, 1074 (S.D. Ohio 1994) (same); Wilson v. Amtrak Nat'l R.R., 824 F. Supp. 55, 58 (D. Md. 1992) (VEVRA and EO 11,246); but see Blizzard v. Dalton, 905 F. Supp. 331, 332-33 (E.D. Va. 1995) (correlating disabled veterans portions of VEVRA with the Rehabilitation Act of 1973 and holding that plaintiff had not established discrimination as result of lack of affirmative action program without discussion of whether private right of action exists).

We AFFIRM the district court's grant of summary judgment in favor of defendant.

Entered for the Court


David M. Ebel
Circuit Judge