**Jacquelyn FIZER–JORDAN, Plaintiff,**

v.

**James W. ZIGLAR, Commissioner, Immigration and Naturalization Service, Defendant.**

**No. CIV. 02–72648.**

United States District Court, E.D. Michigan, Southern Division.

Jan. 23, 2003.

Jacquelyn Fizer–Jordan, In Pro Per, Detroit, MI, for plaintiff.

Derri T. Thomas, Assistant United States Attorney, Detroit, MI, for defendant.

## MEMORANDUM OPINION AND ORDER

ANNA DIGGS TAYLOR, District Judge.

**I.**

This is a *pro se* action brought by Jacquelyne Fizer–Jordan, a female veteran who claims less than 30 percent disability status, against the Immigration and Naturalization Service ("INS"). Fizer–Jordan was employed with the INS at the time of the events alleged in her complaint, but has since accepted a position with the United States Marshals Service.

In September 1998, Fizer–Jordan filed an EEO complaint against the INS alleging discrimination on the basis of race (black), sex (female) and disability (physical) because she was not selected for certain positions for which she applied under the Vietnam Era Veterans' Readjustment Act ("VEVRA")[1] Program. On October 18, 2000, following investigation of Fizer–Jordan's complaint, a Final Agency Decision ("FAD") finding no discrimination was issued. The FAD noted that "no evidence in the record exists to indicate that complainant's past work experiences rendered her significantly more qualified for those positions than the selectees."

Fizer–Jordan appealed to the EEOC, which affirmed the FAD on April 18, 2002. The EEOC found that, even if Fizer–Jordan could establish a prima facie case of race, sex, or disability discrimination, she had failed to set forth any persuasive evidence that the agency's articulated legitimate nondiscriminatory reason for not choosing her for the positions in question, which was that she was not the most qualified applicant, was pretextual.

■ On July 29, 2002, Fizer–Jordan filed this complaint, in which she alleges that she applied for a number of positions within the INS that were posted under the VEVRA program, but was not selected.[2]

---

**1.** The VEVRA is sometimes referred to as the Veterans' Readjustment Act ("VRA").

**2.** Specifically, Fizer–Jordan asserts that "[t]he vacancy announcements (EEO–96–02, EEO–

96–04, EEO–97–02) were announced under VEVRA ... [and therefore,] [t]he person hired for these positions should have been a disabled veteran." In her District Court complaint, there is no mention of an allegation of

Fizer–Jordan contends that others who were not veterans with a disability of 30 percent or more were chosen over her in violation of VEVRA.

## II.

This is a motion for dismissal pursuant to Fed.R.Civ.P. 12(b)(6).[3] Although a liberal standard of review is applied to a complaint when examined under Rule 12(b)(6), more than a bare assertion of legal conclusions is required. *LRL Properties v. Portage Metro Hous. Auth.*, 55 F.3d 1097, 1103 (6th Cir.1995). Therefore, " 'a ... complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.' " *Id.* (quoting *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988)). Moreover, this Court "need not accept as true legal conclusions or unwarranted factual inferences." *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir.1987); *Westlake v. Lucas*, 537 F.2d 857, 858 (6th Cir.1976).

## III.

Fizer–Jordan states that whether "other personnel were more qualified is not the issue, the issue is that the announcements were listed as VEVRA Program, and by law, the person should have been an eligible VEVRA candidate with a disability of 30% or more that could have been selected over me." Under even the most liberal reading of the complaint, Fizer–Jordan's claim is that the Defendants violated VEVRA.[4] VEVRA expressly provides a remedy through an administrative enforcement scheme. *Harris v. Adams*, 873 F.2d 929, 932 (6th Cir.1989).

■ The case law cited by the Defendants in support of their position—that VEVRA does not expressly provide for, nor does it impliedly authorize, private actions—speaks only to private right of action under § 4212. However, Fizer–Jordan's claim is for a private right of action under § 4214. Whether Fizer–Jordan has a private right of action under the Vietnam Era Veterans' Readjustment Assistance Act (VEVRA), 38 U.S.C. § 4214, is a question of first impression within the Sixth Circuit.[5]

■ To determine whether a private right of action is implicit in a statute, courts consider:

discrimination based on race or sex. Even if such an allegation did exist, it is well-established that "Title VII is the exclusive judicial remedy for claims of employment discrimination based on [race and sex] brought by federal employees." *Brown v. General Services Administration*, 425 U.S. 820, 829–33, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976); *Boddy v. Dean*, 821 F.2d 346, 352 (6th Cir.1987).

3. In the Defendant's brief there is some indication that it is also moving for dismissal pursuant to Fed.R.Civ.P. 12(b)(1). Where "subject matter jurisdiction is challenged pursuant to Rule 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir.1990). The "court is empowered to resolve factual disputes when subject matter jurisdiction is challenged." *Id.* Because the Court has reached the 12(b)(6) motion, it is implicit that, insofar as this motion is made pursuant to Rule 12(b)(1), it is denied.

4. Although the Plaintiff makes reference to her EEO complaint, she does not state any claims under Title VII or the Rehabilitation Act in her district court complaint. To the extent that she alleges racial or sex discrimination, those claims are properly brought under Title VII. The holding of this court is limited to the claims brought pursuant to VEVRA, 38 U.S.C. § 4214.

5. The Sixth Circuit has addressed the issue of whether there is a private right of action under 38 U.S.C. § 4212. *See Harris v. Adams*, 873 F.2d 929, 931–32 & n. 2 (6th Cir.1989) (holding that there is no private right of action under 38 U.S.C. § 4212).

(1) whether the plaintiffs are members of the class for whose particular benefit the statute was intended; (2) whether the legislature intended to authorize private actions; (3) whether a federal cause of action would further the underlying purpose of the legislative scheme; and (4) whether the asserted private action is one traditionally reserved for state law, such that it would be inappropriate to infer a federal cause of action. *See Merrell Dow Pharmaceuticals, Inc. v. Thompson,* 478 U.S. 804, 106 S.Ct. 3229, 3234, 92 L.Ed.2d 650 (1986); *Cort v. Ash,* 422 U.S. 66, 78, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975) (the four-factor *"Cort* test").

While all the *Cort* factors are to be considered, "the second one—congressional intent—is the most significant." *Harris,* 873 F.2d at 932.

Section 4212: Veterans' employment emphasis under Federal contracts, provides:

(a) (1) The United States has an obligation to assist veterans of the Armed Forces in readjusting to civilian life.... It is, therefore, the policy of the United States and the purpose of this section to promote the maximum of employment and job advancement opportunities within the Federal Government for qualified covered veterans who are qualified for such employment and advancement.

\* \* \* \* \* \*

(c) Each agency shall include in its affirmative action plan for the hiring, placement, and advancement of handicapped individuals in such agency as required by section 501(b) of the Rehabilitation Act of 1973 (29 U.S.C. 791(b)) a separate specification of plans ... to promote and carry out such affirmative action with respect to disabled veterans in order to achieve the purpose of this section.

The Court of Appeals in *Harris* applied the factors from *Cort* to Section 4212 and found that there was no evidence of congressional intent to create a private right of action and that implying one would conflict with VEVRA's legislative scheme. 873 F.2d at 932.

Section 4214: Employment within the Federal Government, provides:

(a)(1) The United States has an obligation to assist veterans of the Armed Forces in readjusting to civilian life since veterans, by virtue of their military service, have lost opportunities to pursue education and training oriented towards civilian careers.... It is, therefore, the policy of the United States and the purpose of this section to promote the maximum of employment and job advancement opportunities within the Federal Government for disabled veterans and certain veterans of the Vietnam Era and of the post-Vietnam Era who are qualified for such employment and advancement.

\* \* \* \* \* \*

(c) Each agency shall include in its affirmative action plan for the hiring, placement, and advancement of handicapped individuals in such agency as required by section 501(b) of the Rehabilitation Act of 1973 (29 U.S.C. 791(b)), a separate specification of plans ... to promote and carry out such affirmative action with respect to disabled veterans in order to achieve the purpose of this section.

After applying the *Cort* factors to Section 4214, the Courts of Appeals in the Third and Tenth Circuits have found that no private right of action is available. *Antol v. Perry,* 82 F.3d 1291 (3rd Cir.1996); *Suazo v. Regents of Univ. of Ca.,* 149 F.3d 1191, 1998 WL 339714, 1998 U.S.App. LEXIS 13581 (10th Cir.1998); *see also Cook v. Helfer,* 1996 WL 464038, 1996 U.S. Dist. LEXIS 11704, (D.Mass. Aug. 9, 1996); *But cf. Blizzard v. Dalton,* 876

F.Supp. 95, 98–99 (E.D.Va.1995).[6] The core rationale of *Antol* and *Suazo* springs from the understanding that, while "congressional silence is not necessarily fatal to implication of a private right of action, 'implying a private right of action on the basis of congressional silence is a hazardous enterprise at best.'" *American Fed'n of State, County & Mun. Employees v. Private Indus. Council,* 942 F.2d 376, 379 (6th Cir.1991) quoting *Osborn v. American Ass'n of Retired Persons,* 660 F.2d 740, 745 (9th Cir.1981) (quoting *Touche Ross & Co. v. Redington,* 442 U.S. 560, 571, 99 S.Ct. 2479, 61 L.Ed.2d 82 (1979)). The parallel reasoning provided by our sister circuits in their analysis of Section 4214 is persuasive and, as such, militates against creating a private right of action where none was so intended.[7]

■ In the instant case, Fizer–Jordan cannot prove a set of facts which would entitle her to relief because she is not entitled to bring a private cause of action under 38 U.S.C. § 4214. *Antol.* 82 F.3d at 1291; *Suazo,* 1998 WL 339714, 1998 U.S.App. LEXIS 13581. Furthermore, to the extent that the Fizer–Jordan's complaint seeks money damages, the action cannot be maintained; 38 U.S.C. § 4214 does not waive the federal government's sovereign immunity. *See Antol,* 82 F.3d at 1291.

Dismissal of this complaint pursuant to Rule 12(b)(6) is appropriate where, as here, it is clear that the plaintiff can prove no set of facts which would entitle her to relief. *See Sistrunk v. City of Strongsville,* 99 F.3d 194, 197 (6th Cir.1996), *cert. denied,* 520 U.S. 1251, 117 S.Ct. 2409, 138 L.Ed.2d 175 (1997). Accordingly, the dismissal of this complaint must be GRANTED.

For the foregoing reasons,

IT IS ORDERED that the Defendant's Motion to Dismiss is GRANTED.

IT IS SO ORDERED.

---

**6.** In *Blizzard* the District Court, in finding a private right of action under § 4214, stated that: "[A finding that 4214 is analogous to 4212] fails to distinguish between a federal contractor as an employer and the federal government as an employer * * * [Such an] argument ignores the distinction within both the Rehabilitation Act and VEVRA between the federal government as an affirmative action employer and a federal contractor as an affirmative action employer. *See* 29 U.S.C. §§ 501, 504; 38 U.S.C. §§ 4212, 4214.... Because the reference to Rehabilitation Act section 501 within VEVRA section 403(c) directly connects Plaintiff to an express right of action, the Court finds Plaintiff has stated a claim for relief and a specific waiver of sovereign immunity." 876 F.Supp. 95, 98–99.

**7.** In analyzing Section 4214 to determine whether a private right of action exists, "[t]he crucial question is whether Congress intended to create such a right." *Antol,* 82 F.3d at 1298 (quoting *American Tel. & Tel. Co. v. M/V Cape Fear,* 967 F.2d 864, 866 (3d Cir.1992)).